(47 South. 442.)

No. 16,827.

UNITED STATES FIDELITY & GUARAN-
TY CO. v. BOARD OF ASSESSORS et al.

(June 22, 1908. Rehearing Denied Oct. 7, 1908.)

1. TAXATION (§ 462*) — DUTY TO MAKE RE-
TURN—FAILURE IN GOOD FAITH.

A taxpayer is not subject to the doom of
the assessor, when the failure to make a re-
turn has been in good faith and on reasonable
grounds.

[Ed. Note.—For other cases, see Taxation,
Dec. Dig. § 462.*]

2. TAXATION (§ 500*)—CANCELLATION OF AS-
SESSMENT.

Where the taxpayer has been assessed for
money in possession, when as a matter of fact
he had no such money, and so stated in his
return, the assessment will be canceled.

[Ed. Note.—For other cases, see Taxation,
Dec. Dig. § 500.*]

Breaux, C. J., dissenting, and Monroe, J., dis-
senting in part.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish
of Orleans: Thomas C. W. Ellis, Judge.

Action by the United States Fidelity &
Guaranty Company against the board of as-
sessors and others to have its assessment
canceled, or, in the alternative, that it be
reduced. Judgment for the board, and the
company appeals. Judgment set aside, and
assessment reduced.

J. Zach Spearing, for appellant. George
Hitchings Terriberry, for appellee board of
assessors. Francis Charles Zacharie (Harry
Prentiss Sneed, of counsel), for appellee state
tax collector. Henry Garland Dupré, Asst.
City Atty., for appellee city of New Orleans.

PROVOSTY, J. Plaintiff is a Maryland
corporation, domiciled in Baltimore, Md. It
carries on business in this state through a
local agent. Its business consists in fur-
nishing fidelity, judicial, official, and other
kinds of bonds. For the year 1906 it was
assessed as follows:

Money loaned at interest, all credits,
etc. ............................ $10,000
Money in possession, etc............. 1,000

It asks that said assessment be canceled,
for the reason, as to the first item, that
whatever credits may arise in the course
of its business in this state are not situated
here, and therefore are not taxable here, and,
as to the second item, that it has no money
in possession, etc., in this state. In the alter-
native, it asks that the amount of the assess-
ment be reduced.

Against the demand for reduction the de-
fendant has pleaded the estoppel created by
section 25 of the revenue law (Act No. 170,
p. 360, of 1898) against the taxpayer who
"from any cause whatever" has failed or
refused to make a return of his property to
the assessor.

The crucial facts, in connection with the
item of credits, are the same as in the case
of National Fire Insurance Co. v. Board of
Assessors (recently decided) 46 South. 117,[1]
where such credits were held to be taxable;
that is to say, plaintiff does business in
this state, and the credits arise in the course
of, and are part and parcel of, that business.
Plaintiff extends no credit to its customers.
The business with them is supposed to be
cash; but the agent is allowed 30 days in
which to remit, and thus the plaintiff is
constantly his creditor for the premiums col-
lected, or supposedly collected, in the past
month. The agent, in turn, extends a 30-
day, and sometimes a much longer, credit
to the customer.

As to the second item, the evidence shows
that plaintiff has no money in possession in
this state and that the return which it made
in that regard was true.

On the question of reduction, plaintiff, in
the return of its property which it was
required by law to make to the assessor,
stated that it had no credits in this state.
In the decision this day handed down in
the case of Travelers' Ins. Co. v. Board
of Assessors, 47 South. 439,[2] such a return is

---

[1] 121 La. 107.       [2] Ante, p. 129.

held to have been no return, but that the estoppel of the statute would not apply to a case where the not making of the return had been in good faith, for the reason that theretofore under the decisions of this court such credits had been considered not to be taxable. The circumstances are the same in the instant case, and we make the same decision, and therefore the assessment will have to be reduced according to the proof. We find that the average amount of plain-. tiff's said credits was $1,014.53.

The learned judge a quo reluctantly enforced the estoppel, which up to the decision of the Supreme Court of the United States in the case of Central of Georgia Ry. v. Wright, 207 U. S. 127, 28 Sup. Ct. 47, 52 L. Ed. 134, rendered after his decision in this case, had been supposed to be unbending, and his decision will have to be amended in that respect, and for convenience in framing our own decree we will set it aside.

The judgment appealed from is set aside, and the assessment of the plaintiff is reduced to $1,014.53. Defendant to pay all costs.

BREAUX, C. J. I dissent.

MONROE, J. I dissent in so far as plaintiff is held liable for taxation on money loaned, etc., and otherwise concur.