No. .............

First Circuit Appeal.

---

## MRS. CLARA H. McCORMICK v. ARTHUR J. MONETTE.

(December 2, 1924, Opinion and Decree.)
(December 30, 1924, Rehearing Refused)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest, Donations—Par. 3, 4, 5; Obligations—Par. 76.**
Under Article 1897 of the Civil Code, a donation made in contemplation of a future marriage which does not take place is void.

Appeal from the Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

This is a suit to recover a sum of money loaned to defendant. The defense was that it was a donation.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Bouanchaud and Kearney, of Baton Rouge, attorneys for plaintiff, appellee.

Shelby Taylor, of Baton Rouge, attorney for defendant, appellant.

LECHE, J. Plaintiff claims five hundred dollars from defendant for money loaned

and from a judgment in her favor, defendant appeals.

Mrs. McCormick, the plaintiff and her daughter reside in the City of Baton Rouge where Monette, formely a resident of Shreveport, had also removed when the occurrences forming the basis of this suit took place. At that time, about June 1923, plaintiff's daughter was single, and she and defendant were engaged to be married. Defendant then owned a Ford Coupe in which he often took out riding, the plaintiff and his betrothed, the daughter of plaintiff. All three of the parties were of the opinion that a heavier and larger automobile would be more convenient and suitable for their wants. A Willys Knight was finally agreed upon as well adapted for their purposes. Monette owned the Ford on which he then owed quite a large balance for its purchase price. He had no money and Mrs. McCormick agreed to put up five hundred dollars, which amount together with the Ford was turned over to the Willys Knight Sales Agent in part payment for the new automobile. The question of fact upon which the parties in this suit disagree and upon which partly depends a proper disposition of the case, is whether plaintiff loaned the money to defendant or whether she made him a donation of that amount in consideration of his contemplated marriage to her daughter.

Shortly after the purchase of the new and larger automobile by Monette, plaintiff's daughter accepted another suitor, was married to him and thus her engagement to Monette was abruptly terminated.

Plaintiff was very much distressed at this sudden turn of affairs and for a while, her friendly relations with Monette continued uninterruptedly. The daughter, now married, was however shortly thereafter forgiven by the mother, returned to the home of her girlhood and then followed the present demand for the reimbursement of the five hundred dollars.

Plaintiff contends that she loaned the money to defendant, but defendant on the other hand, answers and says that this amount was donated to him in consideration of his contemplated marriage to plaintiff's daughter. The evidence is by no means clear and convincing as to whether the money was loaned, or donated, by plaintiff to defendant. Weighed however in the light of the motives by which an ordinary person is usually influenced in his conduct and actions, the contention of defendant seems to be better supported by that evidence. But there is little use of analyzing the facts and circumstances which lead to that conclusion, for even if the money was donated, defendant must be cast, under the provisions of Article 1897 of the Civil Code. That Article is clear to the effect that a donation made in contemplation of a future marriage which does not take place, is void, as having been made without cause or consideration.

We do not know the reasons upon which the learned judge of the District Court based his judgment, but it appears to us that his finding is correct and for the reasons stated.

The Judgment appealed from is affirmed.