## DECUERS v. BOURDET

———

(March 18, 1929. Opinion and Decree.)

———

L. Walter Cockfield, of New Orleans, attorney for plaintiff, appellee.

Warren O. Coleman and Gus Levy, of New Orleans, attorneys for defendant, appellant.

JONES, J. Plaintiff sued defendant on a $300.00 promissory note, and for the return of an alleged cash advance of $250.02.

Defendant admitted owing the note and reconvened for the return of two engagement presents, a diamond ring valued at $315.00, and a bureau set valued at $45.00.

The Judge of the District Court after dismissing the reconventional demand gave judgment for plaintiff for the amount of the promissory note, dismissing as of non-suit the claim of $250.00. Defendant has appealed but there is no answer to the appeal.

Plaintiff argues that the trial judge erred in not dismissing the reconventional demand because it did not grow out of the same transaction as the main demand.

The record shows that the defendant borrowed the money evidenced by the note from his fiancee to prosecute his claim against the United States Government for injuries sustained while serving in the United States Navy, during the World War, that they might be married at an early date.

As the money would not have been advanced if there had been no marriage contract, and as the engagement presents were also given to crystallize and solemnize the same contract, the holding of the trial judge was correct on this point.

He dismissed the reconventional demand, because he found that defendant was primarily responsible for the breach of the engagement, but we do not find it necessary to pass on this doubtful point, as the law clearly sustains defendant's

contention, if the marriage does not take place, no matter by whom the breach is caused. Plaintiff's remedy was a suit for damages for breach of promise, but she could not arbitrarily keep engagement presents as damages.

Johnson vs. Levy, 118 La. 447, 43 So. 46.

Art. 1897 of R. C. C. reads:

"The contract is also considered as being without cause when the consideration for making it was something which, in the contemplation of the parties, was thereafter expected to exist or take place, and which did not take place or exist. A gift in consideration of a future marriage is void by this rule, if the marriage did not take place."

Art. 1740 R. C. C. reads:

"Every donation made in favor of marriage falls, if the marriage does not take place."

This is a literal translation of the Code Napoleon, Art. 1088, and the French commentators apparently agree that such gifts are revocable.

Laurent, Vol. 15, p. 208, Sec. 167, says:

"Une donation faite en faveur du marriage est une donation conditionelle; la donation n'ayant d'autre objet que de favoriser le marriage est par la meme faite sous la condition que le marriage en faveur duquelle elle a lieu s'accomplisse. Si la condition defaillit, il en resulte qu'il n'y a jamais eu de donation."

Baudry-La Cantinierie, Vol. 11, p. 846, Art. 3939, says:

"Les causes de caducite de l'institution contractuelle nous sont a peu pres connues d'apres les explications qui precedent; il suffira de les grouper ici.
"L'institution contractuelle devient caduque:
"1 Si le marriage, en vue duquel elle a ste faite ne se realise pas (Art. 1088).
"2 Si le donateur survit a l'epoux donataire et a sa posterite. (Art. 1089).

"3 Enfin par la renonciation de l'institue et de tous ses descendants.
"Tous les auteurs s'accordent a reconnaitre l'existence de ces differentes causes de caducite de l'instiution contractuelle."

See also Fuzier-Hermann, Art. C. N. 1088.

Although these commentaries deal generally with gifts made in the marriage contract, the underlying theory which pervades the whole subject is that the consummation of the marriage is the end sought, and, therefore, the ultimate purpose of all such gifts. Necessarily, the failure of the essential condition on which the gift is made, makes the gift nullable.

In Succession of Waldo, 156 La. 684, 101 So. 21, the Court held that the donation of real estate by husband to wife was revocable by the husband after the death of his wife.

For above reasons the judgment is amended to read as follows:

It is ordered, adjudged and decreed that there be judgment herein, in favor of the plaintiff, Miss Leonora Decuers, and against the defendant, John W. Bourdet, in the full sum of Three Hundred Dollars, with legal interest thereon from February 2, 1928, until paid, and for all costs.

It is further ordered, adjudged and decreed that there be judgment in favor of John W. Bourdet, plaintiff in reconvention, declaring him to be the owner of one diamond ring, valued at $315.00, and one bureau set, valued at $45.00, and ordering the plaintiff herein, Miss Leonora Decuers to return the said articles to John W. Bourdet, and in default of the return of the ring and dresser set, it is ordered that John W. Bourdet do have judgment against the plaintiff, Miss Le-

onora Decuers in the full sum of Three Hundred Sixty Dollars, with legal interest from judicial demand.

Costs of both courts to be paid by defendant, John W. Bourdet.