No. 3730

Second Circuit

WARDLAW v. CONRAD

(November 18, 1931.  Opinion and Decree.)

Richard H. Switzer, of Shreveport, attorney for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendant, appellant.

STEPHENS, J.  The plaintiff sues to be declared the owner and entitled to the possession of a diamond ring, and, in the alternative, for its alleged value of $150.  It is alleged in the petition that the plaintiff presented the ring to the defendant, to whom he was engaged to be married, in and for the consideration of their future marriage; that the engagement was broken and the marriage never consummated; and that the consideration for which the ring was given, having failed, the plaintiff should be decreed the owner thereof and entitled to its possession, or, in the alternative the plaintiff should have judgment for its value.

The defendant filed a plea of prescription of one year, which was overruled.  She then filed an answer, in which she admitted that she had a diamond ring which was presented to her by the plaintiff; that the engagement to be married to the plaintiff once existed, but had been broken, and that the contemplated marriage did not take place.  She alleged that the ring was presented to her purely and simply as a donation free from any stipulation, condition, or consideration.

A trial of the case resulted in a judgment for the plaintiff as prayed for.  The defendant appeals.  The plaintiff answered the appeal, praying that it be declared frivolous, and that damages be awarded therefor.

The pertinent facts, in addition to those alleged and admitted, are that the ring was worth $150, and was given to the defendant in consideration of their future marriage.  In other words, it might properly be designated as an "engagement ring."

There are only two questions presented by the case: First. Is the action prescribed by one year? Second. May the ring be recovered because of the failure of the consideration for which it was given?

The defendant has founded her plea of prescription of one year on article 1561 of the Civil Code, which reads as follows:

"An act of revocation for cause of ingratitude must be brought within one year from the day of the act of ingratitude imputed by the donor to the donee, or from the day that the act was made known to the donor."

We think the article is not applicable to the situation that exists in this case, as the donation here sought to be revoked is not founded on the ingratitude of the donee, but upon the failure of the consideration for which it was made. The plea of prescription was correctly overruled.

The second question must be answered in the affirmative. The articles of the Civil Code that are determinative of the question are article 1740 and article 1897. The former reads:

"Every donation made in favor of marriage, falls, if the marriage does not take place."

This article is found under the chapter in the Code entitled "Of Donations Made by Marriage Contract to the Husband or Wife," and is a literal translation of the Code Napoleon. French commentators, however, have construed the article to apply not only to gifts by marriage contract, but also to pre-nuptial gifts of the character here considered, when presented by one contracting party to the other.

Article 1897 reads as follows:

"The contract is also considered as being without cause when the consideration for making it was something which, in the contemplation of the parties, was thereafter expected to exist or take place, and which did not take place or exist. A gift in consideration of a future marriage is void by this rule, if the marriage do not take place."

This article, which treats of the failure of an expected consideration, as in this case, refers to the law as written in article 1740 largely for the purpose of illustration.

In reference to the French Commentaries and the application of these articles of the Code to the identical question here presented, the Court of Appeal for the Orleans circuit, in the case of Decuers v. Bourdet, 10 La. App. 361, 120 So. 880, 881, used the following language:

"Although these commentaries deal generally with gifts made in the marriage contract, the underlying theory which pervades the whole subject is that the consummation of the marriage is the end sought, and therefore the ultimate purpose of all such gifts. Necessarily the failure of the essential condition on which the gift is made makes the gift nullable."

In the case quoted from, the court decreed that engagement presents might be recovered because the marriage did not occur.

We are of the opinion that the judgment appealed from is correct, and it is therefore affirmed. Damages for frivolous appeal are denied.