## RICKETTS v. DUBLE.*

### No. 16841.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1938.

*Rehearing refused Jan. 24, 1938.

Henry L. Hemelt and Fred A. Middleton, both of New Orleans, for appellant.

Hubert M. Ansley, of New Orleans, for appellee.

McCALEB, Judge.

This suit was brought by Fred Ricketts against June Duble, his former fiancée, for the return of certain personal property which he allegedly gave to the latter in contemplation of their marriage. He charges, in substance, that on August 20, 1935, he presented to the defendant a diamond engagement ring valued at $150; that during the month of December, 1935, he gave her a cedar chest valued at $30; and that at various times during their engagement he furnished her with money (amounting to $40) for the sole and express purpose of purchasing linens for their future home. He further avers that all of these gifts were made in prospect of the marriage which has never been consummated because the defendant breached the engagement.

The defendant resists the action upon the ground that the ring and the cedar chest were not given to her in contemplation of marriage, but that, on the contrary, the ring was a birthday gift and the cedar chest a Christmas present. She admits that the linens were presented to her in prospect of the marriage, but she maintains that she has spent a considerable sum in embellishing them; that their value has been enhanced by these ornamentations, and that, if it should be held that the plaintiff is entitled to their return, he should be made to pay the cost of these improvements.

On these issues the case proceeded to trial in the First city court of New Orleans, and the judge, after hearing the evidence, dismissed the plaintiff's suit. This appeal has been prosecuted from the adverse judgment.

Pretermitting a discussion of the evidence adduced in the trial court, it is well to point out that the law and jurisprudence of this state is well settled that donations made in contemplation of a marriage, which does not take place, are void and the donor is entitled to the return of the gifts even though he be the one who breaches the engagement. Article 1740 of the Revised Civil Code reads: "Every donation made in favor of marriage falls, if the marriage does not take place."

And article 1897 provides: "The contract is also considered as being without cause when the consideration for making it was something which, in the contemplation of the parties, was thereafter expected to exist or take place, and which did not take place or exist. *A gift in consideration of a future marriage is void by this rule, if the marriage do not take place.*" (Italics ours.)

In line with the foregoing articles of the Code, we have decided, in Decuers v. Bourdet, 10 La.App. 361, 120 So. 880, that, if the marriage does not take place, the donor can recover the gifts no matter by whom the breach is caused; that the donee's remedy in such case is by suit for breach of promise; and that she cannot arbitrarily keep the engagement presents as damages. See, also, McCormick v. Monette, 1 La.App. 186, and Wardlaw v. Conrad, 18 La.App. 387, 137 So. 603.

Bearing these principles in mind, we approach a discussion of the facts of the case. Preliminarily, we note that the plaintiff has, in this court, abandoned his claim for the return of the linens. It follows that our review will be limited to a consideration of his right to have the ring and the cedar chest. The issue between the parties is whether these gifts were made in expectation of marriage.

The defendant admits that she and the plaintiff became engaged during the year 1934; that she broke the engagement in the early part of 1937 and likewise concedes that the plaintiff presented to her, during the engagement, the diamond ring and the cedar chest. She contends, however, that the gifts were not made in contemplation of their marriage. She testified that she met the plaintiff during the month of June, 1934; that they became engaged in September, 1934, and that on August 20, 1935 (two days before her birthday), the plaintiff presented her with a diamond ring as a

birthday gift. She further says that during the early part of December, 1935, the defendant gave her a cedar chest as a Christmas present. Her statement is supported by the evidence of her mother and her brother.

On the other hand, the plaintiff testified that the diamond ring was given in commemoration of the engagement and in expectation of the marriage and that the cedar chest was likewise donated by him for use by the defendant as a receptacle for her trousseau.

Miss June Marlowe, testifying on behalf of plaintiff, said that defendant told her that the ring given by plaintiff was an engagement ring and that the cedar chest was for her trousseau. It was admitted by the defendant that, if six other persons had been placed on the witness stand by plaintiff, they would corroborate the statement of Miss Marlowe. Plaintiff also produced a Mrs. Tucker, a Miss Burck, a Miss Pitot, a Miss Lawrence, and a Miss McGinity, all of whom stated that the defendant had, on many occasions, showed them the diamond ring on her finger and had told them that it was her engagement ring. The plaintiff further offered certain letters, written by the defendant to him while they were engaged, and in those letters the defendant speaks of her engagement ring.

▰ Defendant concedes making these admissions, but she explains that she, having become embarrassed by the length of time she had been courted by the plaintiff, did not wish the public to believe that she did not possess an engagement ring. This assertion, in our opinion, is barren of plausibility. In truth, the evidence is overwhelming that the ring and the cedar chest were given to the defendant by the plaintiff solely in contemplation of their future marriage, and that, had it not been for the previous engagement, these donations would not have been made.

The trial judge evidently thought that the gifts were made in prospect of marriage, for, in resolving the case in defendant's favor, he based his decision on an entirely different ground. It was developed, in the evidence taken at the hearing, that, while the engagement was in existence, the plaintiff turned over to the defendant the sum of $169.50 of his savings in contemplation of their marriage. During the month of June, 1936, the parties quarreled and the engagement was broken. At that time, the defendant returned to the plaintiff the money held by her in a savings account, but did not restore the ring and cedar chest. Subsequently, the parties settled their differences and the engagement was renewed. It was for this reason that the court below found for the defendant. It is the judge's view that, because the plaintiff failed to demand the return of the engagement ring or the cedar chest, at the time the engagement was first broken, he abandoned his right to have them restored, and that his conduct, in this respect, indicated that he intended that defendant should keep the articles in consideration of the cancellation of the engagement. The judge is further of the opinion that, because the presents were not given during the period of the renewed engagement, they were not donated in prospect of the marriage.

▰ We cannot agree with these conclusions. It is plain that, at the time the engagement was first broken, the plaintiff had the right to demand the return of the presents. The fact that he did not insist that the defendant restore the articles could not form the basis of a consideration, for the cancellation of the engagement as a consideration was unnecessary (the engagement being revocable at the will of either party). Moreover, there is no hint or suggestion to be found either in defendant's pleadings or her testimony that she conceived that, when the first engagement was terminated, the presents were given to her in compromise of her right to damages for breach of promise or in consideration of the dissolution of the engagement. In fact, the cause of the rescission of the first engagement does not even appear in the evidence, and we are impressed with the idea that it was merely a lover's quarrel. The fact that the parties subsequently became re-engaged after their dispute was therefore without effect with respect to the conclusion that the gifts were primarily made in consideration of their future marriage. There was only one marriage contemplated by the parties. These gifts were made in prospect of that marriage, which never took place. Hence, in the absence of a showing of compromise, it matters not whether the engagement was broken and subsequently renewed.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Fred Ricketts, declaring him to be the owner of one diamond ring valued at $150 and one

Dillingham cedar chest valued at $30 and ordering the defendant herein, Miss June Duble, to return the said articles to Fred Ricketts, and, in default of the return of the ring and cedar chest, it is ordered that Fred Ricketts do have judgment against the defendant, Miss June Duble, in the full sum of $180, with legal interest thereon from judicial demand. Defendant to pay all costs.

Reversed.