MOISE, Justice.
Defendant, John J. Washburn, appeals from á judgment decreeing a partition by licitation.
The factual design is different from any previous adjudications made by this Court. Therefore, we must look at the influences which have surrounded both litigants and then sound their hearts by the plummets which we apply to our’ own.
The parties herein were engaged to be married, and on June 6, 1952 defendant, bought the property herein involved, which is situated in Oak Grove Subdivision, Shreveport, Louisiana. By authentic act the' property was placed in the names of plaintiff and defendant as co-owners, both parties contemplating such to be their home. They were married on July 15, 1952, within five or six weeks after this act of sale was passed. Neither of them signed the authentic act (the vendors did), and they moved in the premises and occupied it as' their home. This constituted an acceptance of the property.
Plaintiff and defendant remained in the premises until the defendant left the premises on April 11, 1953. Plaintiff obtained a divorce from the defendant on statutory grounds on March 10, 1954, and, thereafter, filed this suit for a partition.
In answer, the defendant contends that since the property was purchased before his marriage to plaintiff and was admittedly paid for with his separate funds, the partL tion should be denied and the deed reformed. Alternatively, he prays for a judgment in reconvention against the plaintiff, in the sum of $5,425 (one-half of the amount paid), and recognition as the owner of the other half interest in the property — the result being that he would receive when we include his interest and the cash demanded, the entire payment of the purchase price.
Defendant then attempts to show by parole evidence that his intentions were to sell the property to a third party after his marriage and then buy it back so as to make it a part of the community. He had the idea that his separate estate would have a claim against the community at his death for the advance of the purchase price. This contention is merely a brutum fulman, because these intentions were never carried out. Even if his conclusion was correct as to the law, it could not have an effect here.
Vigorous objection is made that parole proof cannot be offered to alter or change the authentic act.
Under Article 1740 of the LSA-Civil Code, every donation made in favor of marriage falls if the marriage does not take place. The provisions of Article 1897 of the Revised Civil Code are to the same effect. These articles cannot be applied in this instance, because the marriage was consummated. It follows as a corollary *835 that if the marriage does take place, the donation must stand.
It is urged by the defendant that there was not an acceptance of the donation. It. is true that Article 1540 of the LSA-Civil Code requires that there must be an acceptance of the donation of an immovable. However, we are not limited and restricted to -this one Article of the Code. We must give'-full effect to all Articles of the Code directly bearing on this subject.
Article 1541 of the LSA-Civil Code provides :
«* * * if fhe donation has been executed, that is, if the donee has been put by the donor into corporeal possession of the effects given, the dona- • tion, though not accepted in express terms, has full effect.”
Since the wife moved into the house, it constituted an act of corporeal possession. This is manifest from the record that the wife was in the home when the husband left the premises on April 11, 1953.
 The next contention is that a donation -must be made by an authentic act. An authentic act is full proof of itself. An authentic act. must be passed before a Notary and two witnesses. In the instant case, the authentic act shows that one-half of the property was for plaintiff and the other half was for defendant. We have been presented.with no antecedent contract nor proof of mutual error of the parties in entering into the Act of Sale. Poor v. Hemenway, 221 La. 770, 60 So.2d 310; Standard Oil Co. of Louisiana v. Futral, 204 La. 215, 15 So.2d 65; Magee v. Booty, La.App., 47 So.2d 379.
The Act of Sale declares that the property was purchased by plaintiff, a femme sole, and John J. Washburn, a single man.; that-the consideration was cash.
We believe that the circumstances surrounding this case and the application of; the law warrants the affirmation of the' judgment of the district court.
Judgment affirmed.
McCALEB, J., concurs with written reasons.