119 So.2d 849

Ann ROY

v.

Leo L. FLORANE, Sr.

No. 44246.

April 25, 1960.

Granville Alpha, New Orleans, for defendant, and plaintiff in reconvention, appellant.

Anthony J. Vesich, Jr., New Orleans, for plaintiff-appellee.

VIOSCA, Justice.

In this suit for divorce based on the grounds of two years voluntary separation brought by the wife, she alleges that there were no children born of the marriage and that there was no community property acquired during the existence of the marriage. Defendant husband answered admitting that there was a separation of two years and that no children were born of the marriage. However, he avers that certain immovable property located at 3138 Dumaine Street, New Orleans, is community property. He further alleges that prior to his marriage to plaintiff he gave plaintiff $2,500 for use in making the down payment on the purchase of the property for the establishment of their matrimonial domicile in New Orleans and that the property was so used by plaintiff and defendant after their marriage and until their separation. He alleges that he also paid the sum of $520.60 towards improvements, repairs and installment payments on the property. He prays for a judgment of divorce and for judgment recognizing him as the owner in indivision of the aforesaid immovable property or, in the alternative, if the court finds that the immovable property does not belong to the community that there be judgment in his favor and against the plaintiff in the sum of $3,020.60 with legal interest and costs.

The district judge rendered judgment in favor of plaintiff decreeing a divorce and decreeing the property 3138 Dumaine Street to be the separate and paraphernal property of the wife and the defendant to be without right, claim or interest therein. The district judge further gave judgment in favor of defendant and against plaintiff in the sum of $130.12 with legal interest from judicial demand but rejected all other claims of defendant. From this judgment defendant has appealed suspensively to this Court.

The parties were married on August 22, 1955 and separated on October 2, 1955. The property in question was purchased by the

wife in her name on May 4, 1955, some three and one-half months before the marriage. The purchase price was $12,500, $5,800 of which was paid in cash and the remaining $6,700 of which was represented by a note secured by mortgage.

■ There is no dispute as to the correctness of the judgment granting the divorce. Likewise there is no dispute as to the correctness of the judgment in favor of the defendant in the sum of $130.12 as this was in accordance with the stipulation of the parties during the trial. Nor can there be any serious dispute about the correctness of the district judge's ruling that the immovable property in question was the separate and paraphernal property of the wife. The deed translative of title to her was executed before the marriage. Property purchased by the wife prior to her marriage and brought into the marriage by her is her separate and paraphernal property. LSA–C.C. art. 2334.

The serious controversy in this case is with respect to the claims of defendant for the sum of $2,500 reduced by stipulation to $2,000 which defendant alleges he gave to plaintiff before the marriage to make a down payment on the purchase price of the property and the sum of $400 which defendant alleges he paid before the marriage for the repair of the roof on this property. The conditions under which these amounts were given by defendant to plaintiff are

disputed. Both plaintiff and defendant were evasive and indefinite in their testimony and the evidence is conflicting. Defendant testified that he gave the sum of $2,000 to plaintiff with the understanding that it would be used as a part payment on the home and that in the event there was a separation or divorce after their marriage the amount would be returned to him. He says part of this money which he gave to plaintiff was withdrawn from a savings account, part was secured by cashing his Postal Savings Stamps and the remainder was secured by cashing United States Savings Bonds, Series E. He produced in evidence a list of these United States Savings Bonds, some of which were paid on May 2, 1955 and others of which were paid on August 11, 1955. Three of these bonds, one of the face value of $1,000 and two of the face value of $100 each were registered in the names of defendant and plaintiff as co-owners. Defendant also produced reciprocal wills made by defendant and plaintiff on May 10, 1955 in which each bequeathed to the other "any and all rights, title and interest that I may die possessed of in and to" the immovable property bearing the Municipal No. 3138 Dumaine Street.

Plaintiff on the other hand denied that there were any conditions attached to the donation. She testified that the defendant gave her the money in cash and that "he told me to do what I wanted with the

money". She testified that with this money she purchased various items including clothing for plaintiff and defendant and that she used some of it for part of the cash payment on the purchase of the property. The remainder of the $5,800 which was paid in cash she testified was made up partly of the sum of $1,800 which she borrowed from her sister and partly of funds of her own representing the accumulation of earnings from the operation of a beauty parlor and salary paid to her by her father in connection with his operation of a grocery store and meat market. At the time the money was given to plaintiff by defendant, the latter had not yet secured a divorce from his second wife. However, plaintiff and defendant were engaged to be married and it is obvious that the gift of $2,000 was made contemplation of marriage.

■ Defendant argues in this Court that since the gift was in contemplation of marriage, he is entitled to recover the amount because the subsequent marriage resulted in divorce. It is true that every donation made in contemplation of marriage falls if the marriage does not take place, and the donor may recover the gift. LSA–C.C. arts. 1740 and 1897.[1] Ricketts v. Duble,

La.App., 177 So. 838; Wardlaw v. Conrad, 18 La.App. 387, 137 So. 603; Decuers v. Bourdet, 10 La.App. 361, 120 So. 880; McCormick v. Monette, 1 La.App. 186; 25 Tulane Law Review 416. On the other hand it follows as a corollary that if the marriage does take place the donation must stand. Cotton v. Washburn, 228 La. 832, 84 So.2d 208.

■ The contention of defendant that he is entitled to recover the donation because of the subsequent divorce is without merit. This was the law under Art. 18 of the Civil Code of 1808 which provided: "In case of separation, any donation which the husband or wife may have made the one to the other, in consideration of their marriage, shall be void and without effect, * * *". This was changed however with the adoption of the Civil Code of 1825; and Art. 156 of the Civil Code of 1870 which is the same as Art. 152 of the Civil Code of 1825, now provides:

"In case of separation from bed and board, the party against whom it shall have been pronounced, shall lose all the advantages or donations, the other party may have conferred by the marriage contract or since, and the party at whose instance the separation has been

---

1. Article 1740 provides: "Every donation made in favor of marriage falls, if the marriage does not take place." Article 1897 provides: "The contract is also considered as being without cause when the consideration for making it was some-

thing which, in the contemplation of the parties, was thereafter expected to exist or take place, and which did not take place or exist. A gift in consideration of a future marriage is void by this rule, if the marriage do not take place."

obtained, shall preserve all those to which such party would have been entitled; and these dispositions are to take place even in case the advantages and donations were reciprocally made." [2]

■ The effects of a divorce are the same. LSA–C.C. art. 159.[3] The instant case, however does not involve a separation from bed and board or divorce based on fault of the defendant spouse who, because of that fault, is subjected to the penalty of forfeiture of all advantages and donations. The divorce in this case was based on a voluntary separation of two years where the question of fault is not involved. LSA–R.S. 9:301.[4] This record is entirely silent as to the cause of the separation, and there is no showing that either party was at fault. After the adoption of the statute providing for the granting of divorce solely on the ground that the married parties have been living separate and apart for a certain specified period of time, the Legislature amended Art. 160 of the Civil Code, LSA, so as to provide that the court may allow alimony to the wife who has not been at fault where the husband has obtained a divorce on these grounds.[5] No amendment however was made to Articles 156 and 159 of the Civil Code, LSA, which

2. This change in effect made the Louisiana law conform to Article 299 of the Code Napoleon, 1804, which provided: "No matter what may have been the cause for divorce, excepting mutual consent, the husband or wife against whom it shall have been granted, shall lose all the advantages which the other party shall have made to him or her, whether by marriage contract or since the marriage." Article 156 of the LSA–Civil Code is consistent with the articles of that Code providing for revocation of donations in consideration of marriage for cause of ingratitude. Article 1560 provides: "Revocation on account of ingratitude can take place only in the three following cases:
"1. If the donee has attempted to take the life of the donor;
"2. If he has been guilty towards him of cruel treatment, crimes or grievous injuries;
"3. If he has refused him food, when in distress."
Article 1564 provides: "Donations in consideration of marriage are not revocable for cause of ingratitude, when there are children of that marriage.

"When there are not, the revocation takes place with regard to the donee, but without impairing the rights resulting from the marriage in favor of the other party to the marriage."
3. Art. 159 reads: "The effects of a divorce shall not only be the same as are determined in the case of a separation from bed and board, but it shall also dissolve forever the bonds of matrimony, between the parties, and place them in the same situation with respect to each other as if no marriage had ever been contracted between them."
4. LSA–R.S. 9:301 provides: "When married persons have been living separate and apart for a period of two years or more, either party to the marriage contract may sue, in the courts of his or her residence within this state, provided such residence shall have been continuous for the period of two years, for an absolute divorce, which shall be granted on proof of the continuous living separate and apart of the spouses, during the period of two years or more."
5. Act 21 of 1928; Act 27, 2nd Ex.Sess. of 1934.

are found in the same chapter as Art. 160, namely Chapter 5, of Book I, Title 5, which deals with "The Effects Of Separation From Bed And Board And Of Divorce". Accordingly, we conclude that where a spouse not at fault secures a divorce because of two years voluntary separation that spouse does not lose the donations which were made in contemplation of marriage.

 With respect to the claim of the defendant for $400, it appears that on August 8, 1955, before the marriage, the plaintiff individually signed a contract with Welton Pogue to repair the roof of the Dumaine Street property which she had acquired in May. On August 11, 1955 Pogue was paid $400 on account and signed a receipt for this amount. Defendant testified that he paid this amount himself with four $100 bills which he had secured on the same date when he cashed that amount of Series E United States War Savings Bonds. Plaintiff denied this and testified that she personally paid this amount out of her own funds. Because of this conflict in the testimony, the district judge ordered a subpoena issued for Welton Pogue and he testified positively that plaintiff paid him the money in the back of her father's grocery store although defendant was present. The district judge found as a fact that the money was paid by the plaintiff, but even conceding that the money was given by defendant to plaintiff to pay this bill it would still be a donation in contemplation of marriage and subject to the same rules hereinabove discussed.

The district judge was therefore correct in dismissing these claims of the defendant.

For the reasons assigned the judgment is affirmed at the cost of defendant-appellant.

119 So.2d 853