141 So.2d 406 (1962)
David A. DAIGLE
v.
Jean Marie FOURNET.
No. 528.
Court of Appeal of Louisiana, Fourth Circuit.
May 7, 1962.
Rehearing Denied June 4, 1962.
*407 Richards & Scott, G. Harrison Scott, New Orleans, for plaintiff and defendant in reconvention, appellant.
Wilmer G. Hinrichs, New Orleans, for defendant-appellant.
Before YARRUT, SAMUEL and JOHNSON, JJ.
JOHNSON, Judge.
Plaintiff and defendant were engaged to be married. The engagement was terminated and plaintiff sued the defendant for the return of the engagement ring. The defendant by way of reconvention claimed damages for plaintiff's alleged breach of his promise to marry defendant. The Civil District Court rendered judgment for plaintiff and dismissed defendant's reconventional demand. The defendant has appealed.
We find the facts to be that from about Thanksgiving Day until December 24, 1959, plaintiff and defendant talked about marriage and became engaged to marry. Plaintiff obtained the consent of defendant's parents and toward the end of that period he discussed with defendant's mother the kind of ring she thought the defendant would like. Plaintiff and defendant also discussed the engagement ring and it was agreed between them that plaintiff would give defendant the ring when they exchanged presents on Christmas Eve. A few days before Christmas, plaintiff bought a ring at the price of $1,200.00 and showed it to defendant's mother. Plaintiff presented the ring to his fiance at her home on the evening of December 24, 1959.
Defendant in her answer to the suit contends that the ring was a Christmas present, constituting a manual gift with delivery of possession, and counsel argues that the donation is irrevocable. There is no merit to the argument. Counsel's present argument is in diametric contradiction of his concession made to the Court at the trial of the case in answer to a question by the trial Judge. The Judge asked defense counsel:
"Are you maintaining in your defense that this ring is not an engagement ring, but a Christmas present?"
Counsel answered:
"Sir, the ring, by its very nature, being a diamond ring and by its very nature being given between the parties who intended to be married, I assume that the conclusion would be, from the type of gift it was, that it would be an engagement ring."
Counsel's argument now is to the effect that in order to fall in the category of an engagement present, plaintiff should have had his right arm poised at alert position *408 with the ring in hand so that he could have slipped the ring on the girl's finger immediately when he "popped" the question and she answered "yes." The very short period that elapsed during which they seriously discussed marriage and actually became engaged does not indicate in the slightest degree that the gift was in commemoration of Christmas rather than to crystallize and solemnize the engagement or contract to marry. Even in the case of Ricketts v. Duble, La.App., 177 So. 838, the parties were engaged almost a year before plaintiff gave the defendant an engagement ring two days before her birthday. Defendant defined the gift as a birthday present and sought to keep it as a manual donation but this Court ruled otherwise. See also LSA-C.C. Articles 1740 and 1879; Decuers v. Bourdet, 10 La.App. 361, 120 So. 880; Wardlaw v. Conrad, 18 La.App. 387, 137 So. 603.
Counsel also contends that even if the circumstances attending the gift originally justified the return of the ring upon the engagement becoming broken, subsequent to the dissolution of the engagement plaintiff forfeited his right to have the ring returned to him. Defendant's mother says that in February, 1960, when these young people were having premarital difficulties and defendant offered to return the ring plaintiff refused to accept it, saying "No, you keep it. It is yours to keep." Plaintiff denies that this conversation took place.
Plaintiff, in his testimony, admitted that defendant offered to return his ring and that he refused to take it because he did not consider at that time that the engagement was at an end. He said they were having some difference and problems on various subjects and he hoped to get them ironed out. Defendant admitted that after she called the betrothal off plaintiff called her five or six times to try to make her change her mind.
Some time after the defendant told plaintiff that the engagement was at an end and offered his ring back, plaintiff said that he became convinced that reconciliation was hopeless and called defendant on March 2nd and told her that he thought the matter over and discussed it with his parents, who advised that if they could not settle their differences the best thing to do would be to agree to end the engagement. He said it was then he asked for the return of his ring. We are of the opinion that this sequence of events did not convert the engagement present to a manual gift.
There is no merit to defendant's reconventional demand for damages for breach of promise to marry, for the simple reason that defendant arbitrarily broke the engagement at a time when plaintiff was making apparently serious endeavor to "patchup" their quarrels. Defendant admits in her pleadings and testimony that she is the one who called the engagement to an end.
For these reasons, the judgment appealed from is affirmed. The plaintiff to pay costs.
Affirmed.