CHASEZ, Judge.
The plaintiff in this action, Earl C. For-tenberry, seeks to recover from the defendant Barbara Ellis, the sum of $800.00 which he contends represents the value of a gift given by him to the defendant in contemplation of their marriage which did not take place.
The trial judge ruled for the defendant on the basis that he had no conclusive evidence before him that the parties were in fact contemplating marriage at the time the gift was made. The plaintiff now takes this appeal.
The legal principle upon which plaintiff bases his action is well settled. A donation made in contemplation of a marriage which does not occur, is void, and the donor is entitled to the return of the gift. LSA-C.C. art. 1740; LSA-C.C. art. 1897; Daigle v. Fournet, 141 So.2d 406, La.App. 4 Cir. 1962; Ricketts v. Duble, 177 So. 838, La.App.Orl.1938; Wardlaw v. Conrad, 18 La.App. 387, 137 So. 603, 2 Cir. 1931; Decuers v. Bourdet, 10 La.App. 361, 120 So. 880, Orl.1929; McCormick v. Monette, 1 La.App. 186 (1924). We find it unnecessary to decide whether, and under whal circumstances, a donor might obtain the value of the gift rather than its return in kind.
Certain facts surrounding the giving of the gift, a Magna vox stereo-phonograph set, are clear from the record. On December 23, 1965, the defendant’s birthday, the plaintiff went alone to a local furniture and appliance retail merchant and purchased the stereo set in question. He gave a small amount as down payment and arranged for the balance to be paid by him in 24 monthly installments. He directed that the set be delivered to the place where the defendant was living, her parents’ home. It was delivered on January 3, 1966. The retail value of the instrument was placed at $650.00 and the plaintiff incurred an additional $148.34 as sales tax and credit carrying charges. The plaintiff paid approximately $583.84 of the amount due for the set, and the defendant herself, sometime during the summer of 1967, made the final payments in one lump sum totaling approximately $214.00.
The sole question which is presented in this appeal thus is one of fact i. e., was the gift given in contemplation of a marriage between the parties ?
The plaintiff testified that on November 28, 1965, he and the defendant became engaged to be married. He stated that at that time they agreed the plaintiff would give to her a stereo set instead of an engagement ring as an engagement gift. Then on December 23, 1965, he purchased the stereo set in question and ordered it to be sent to the defendant.
The defendant on the other hand testified that she and the plaintiff had never been engaged. She admitted dating plaintiff for a long period of time and sharing two joint savings accounts with him, opened in April, 1966 and May, 1967, as well as accepting the stereo set as a gift from him; however she contended that the stereo was given to her as a combination birthday and Christmas present.
The plaintiff called as witnesses his mother, his sister and his cousin. Each *794 of these three witnesses testified that the defendant had informed them that she and the plaintiff were engaged to be married. However not one of these witnesses was able to set the date of this engagement any earlier than the latter part of the year 1966. They offered no testimony relevant to an alleged engagement in 1965. Thus the only evidence before the trial judge that marriage was contemplated by the parties at the time the stereo was given, was the testimony of the plaintiff, and this was directly contradicted by the defendant.
Counsel for plaintiff contends that defendant’s testimony to the effect that she was never engaged to plaintiff was proven to be false by plaintiff’s witnesses, and by defendant’s own admission that she shared joint savings accounts with the plaintiff, and therefore her whole testimony should be regarded as false, or falsus in uno, falsus in omnibus. Counsel argues this leaves the plaintiff’s testimony as to an engagement in November, 1965, as un-controverted, and thus plaintiff has carried his burden of proof that the stereo was a gift given in contemplation of marriage.
This is certainly an interesting argument; however it ignores several damaging statements offered by the plaintiff himself, which evidently impressed the trial judge as much as they impress us, and which bear directly on the question to be decided herein.
Plaintiff admitted under cross-examination that after the November 28, 1965 date which he had stated was the date he became engaged to the defendant, he dated other women and he was aware that defendant was dating other men. He admitted further that he was the defendant in a “paternity suit” which was filed by a woman other than the defendant, for an alleged cause of action which arose, apparently during the time of plaintiff’s purported engagement to the defendant. He admitted further that he and the defendant never announced their engagement by way of a party, newspaper release or other manner, and he had never gone so far as taking out a marriage license.
 We recognize the well settled rule that the trial judge is in the best position to weigh the credibility of all the witnesses testifying before him, and thus that his findings should be accorded great weight by the appellate court. Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955), and cases cited therein. It is evident from his decision that the trial judge chose not to believe the testimony of the plaintiff that he and the defendant were engaged to be married in November of 1965, and that the stereo set donated in December of the year was given in contemplation of that marriage. We find that the record amply supports this decision and we will not now disturb it.
For the reasons hereinabove expressed the judgment of the trial court is affirmed, appellant to pay all costs of this appeal.
Affirmed.