SAMUEL, Judge.
This matter is before us on an Alternative Writ of Certiorari issued to the Civil District Court for the Parish of Orleans on the application of Gerald A. Stewart.
By notarial act passed on February 11, 1966 The Grand Company, a partnership *396 composed of five partners one of whom was Gerald A. Stewart, a New Orleans attorney, purchased certain immovable property from Union Savings & Loan Association. A promissory note in the amount of $262,500 was given for the purchase price. All of the partners executed the act, which is in the form of an authentic act of sale of immovable property with vendor’s lien and mortgage, and made and subscribed the note.
Alleging delinquency in the payment of installments and other obligations required by the act and note, on December 3, 1969 Union filed a petition for foreclosure by executory process, annexing to and filing with the petition the note and a certified copy of the act, and obtained an order for executory process. Mr. Stewart (we refer to him hereinafter as “petitioner”) then filed a petition for an injunction, together with a restraining order, to arrest the ex-ecutory process for the alleged reason that the two persons who appear in the act as witnesses did not appear before the notary and the partners and were not present during the execution of the act. The petition does not allege fraud, error or mistake. The trial court refused to issue the temporary restraining order but did grant a rule nisi ordering Union to show cause why a preliminary injunction should not issue.
To the petition for injunctive relief Union filed: (1) an exception of no right or cause of action; and (2) a pleading styled a “plea of estoppel by deed” in connection with which plea it averred that subsequent to the date of the acquisition by the partnership petitioner had purchased all of his co-owners’ interest in the property and in the act of purchase had assumed the vendor’s lien and mortgage and had agreed to perform all of the obligations imposed by the provisions contained in the act transferring the property from Union to the partnership; a certified copy of that act of acquisition and assumption was annexed to Union’s pleadings and filed therewith.
When the rule nisi was heard petitioner was not permitted tó introduce parol evidence to prove his allegation that the two persons who appeared in the act as witnesses were not present during the execution of the act, the trial court ruling that such evidence was inadmissible. As a result no evidence was introduced. After the hearing there was judgment denying the application for a preliminary injunction and dismissing the petition for injunctive relief.
Petitioner’s application for writs was based solely on the alleged incorrectness of the trial judge’s ruling that the parol evidence sought to be introduced was inadmissible and this is the only question now before us.
Under LSA-C.C. Art. 2234, which defines the authentic act as the same relates to contracts, if the act is not executed in the presence of the subscribing witnesses it is not an authentic act. Cotton v. Washburn, 228 La. 832, 84 So.2d 208; Jackson v. Spearman, 188 La. 535, 177 So. 658; Pain v. Plicque & Le Beau, 10 La. 304; Mossler Acceptance Co. v. Osborne, La.App., 14 So.2d 492. It is not disputed that if the act in suit is in fact authentic it will support the use of executory process. As every link of evidence must be in the authentic form in order to justify use of that process (LSA-C.C.P. Arts. 2634 and 2635), if the act is not authentic Union cannot foreclose via executiva and the writ of injunction sought by petitioner must be issued.
We do not consider Union's pleading styled “plea of estoppel by deed” because the act of acquisition and assumption relied on as the basis for that plea is not before us. Although a certified copy of that act was annexed to and filed with the pleading, the hearing on the rule never reached the point where it was necessary for Union’s counsel to introduce the certified copy into evidence, which introduction would have afforded petitioner an opportunity to object thereto, and they did not do so. The act not being in evidence, we cannot consider the plea.
*397 In support of Union’s exceptions of no right or cause of action its counsel argue that in the absence of proper allegations of fraud, error or mistake petitioner could not introduce parol evidence for the purpose of destroying the authenticity of the act, particularly citing LSA-C.C. Arts. 2236 and 2238 and quoting extensively from the opinion in Succession of Tete, 7 La.Ann. 95. Relying on the pertinent provisions of LSA-C.C.P. Art. 2753 and the rule that mortgages are considered stricti juris and strictly construed, petitioner contends the parol evidence was admissible.
LSA-C.C. Art. 2236 provides the <1* * * authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, * * The article merely states the evidentiary effect of an authentic act and, as the authenticity of the act is attacked in the instant case, the article has no application here. Nor is Succession of Tete, supra, or the language quoted from that case by counsel for Union, authority for their contention. The quotations are from the original majority opinion. But on rehearing, for unspecified reasons, the original “judgment” was set aside, a new trial granted and the case remanded. The original majority opinion and decree having been set aside, neither has any judicial or legal existence.
We have concluded that the matter before us is controlled by Civil Code Article 2238, which reads as follows:
“An act, whether authentic or under private signature, is proof between the parties, even of what is there expressed only in enunciative terms, provided the enunciation have a direct reference to the disposition.
Enunciations foreign to the disposition, can serve only as a commencement of proof.”
LSA-C.C. Art. 2238.
Here the act specifically provides that, should the purchasers fail to promptly or fully comply with any of their obligations thereunder, at its option Union could proceed immediately to cause the property to be seized and sold by executory or other legal process. The act also contains the usual concluding paragraph providing that it was done and passed in the presence of the two subscribing witnesses. The right granted to Union to use executory process is one of the important dispositions contained in the act. As the act must be authentic in order to use that process, and as the presence of the subscribing witnesses is necessary for authenticity, the declaration that the act was done and passed in the presence of its subscribing witnesses certainly is not foreign to the disposition relating to executory process; in our opinion it has a direct reference to that disposition. Therefore, under the above quoted article 2238 the petitioner, a party to the act, cannot prove by parol evidence that the enunciation to the effect that the act was passed in the presence of the two subscribing witnesses is incorrect.
We repeat that Mr. Stewart’s petition does not allege fraud, error or mistake. In the absence of such an allegation parol evidence is not admissible against and beyond what is contained in an act, whether authentic or under private signature; under such an allegation, properly made, parol evidence is admissible against and beyond what is contained in an act, whether authentic or under private signature. LSA-C.C. Arts. 2246, 2275 and 2276; Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36; Templet v. Babbitt, 198 La. 810, 5 So.2d 13; Hodge v. Hodge, 151 La. 612, 92 So. 134; Pain v. Plicque & Le Beau, supra; Bash v. Sims, La.App., 210 So.2d 180; Elrod v. Le Ny, La.App., 193 So.2d 299; Dixie Pine Products Co. v. Switzer, La.App., 111 So.2d 518.
We do not agree with petitioner’s argument that Code of Civil Procedure Ar- *398 tide 2753 makes admissible the parol evidence in question. In pertinent part that article reads as follows:
“The original debtor, his surviving spouse in community, heirs, legatees, and legal representative are not required to furnish security for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, when the injunctive relief is applied for solely on one or more of the following grounds:

(5) The order directing the issuance of the writ of seizure and sale was rendered without sufficient authentic evidence having been submitted to the court, or the evidence submitted was not actually authentic.” LSA-C.C.P. Art. 2753. (Emphasis ours).
The emphasized portion does contemplate situations in which a petitioner for injunction may offer proof that the order directing the issuance of the writ of seizure and sale was rendered on evidence not actually authentic; in other words, that such evidence, although authentic on its face, was not authentic in fact. But the article does not purport to establish the nature, sufficiency or admissibility of evidence establishing the alleged fact that the order of seizure and sale was rendered on evidence not actually authentic. It merely provides that any of those named in the first sentence of the article may obtain the temporary restraining order or preliminary injunction on one or more of. the listed grounds without furnishing security for the issuance thereof. To illustrate, if a petition for an injunction to arrest a seizure and sale under executory process alleges fraud, error or mistake the petitioner could as we have pointed out, offer parol evidence to prove the writ was issued on evidence not actually authentic and, if successful, under the article, could obtain a preliminary injunction without furnishing security.
For the reasons assigned, the Alternative Writ of Certiorari issued in this matter is recalled and vacated and the proceedings in this court are dismissed at the cost of relator, Gerald A. Stewart.
Writ recalled and vacated and proceedings dismissed.
SWIFT, J., dissents.