CHASEZ, Judge.
Plaintiff, Emile A. Wagner, Jr. instituted this suit for divorce against his wife on the ground that they had lived separate and apart continuously for a period in excess of two years, as provided by LSA-R. S. 9:301. Defendant, wife, answered, admitting the fact and period of separation and reconvened for alimony stating that she was without fault and did not have sufficient means for her support.
After trial judgment was rendered in favor of the husband granting him a divorce and rejecting the demands of the wife for alimony based on a finding by the trial court that the wife had ample means with which to support herself and, further, the trial court held that because the wife had sufficient means for her support it was unnecessary for the court to make a determination of whether or not the wife was at fault.
The wife has appealed from that judgment and has presented the issues of whether it was necessary for the trial judge to make an adjudication of fault, inasmuch as he found the wife not to be without sufficient means and whether, indeed, the wife possessed sufficient means so as to defeat her claim for alimony.
Considering the question of whether the wife has sufficient means with which to support herself, we find ourselves in disagreement with the lower court. In his written reasons the trial judge stated he felt that Mrs. Wagner had sufficient means to support herself, but did not elaborate on the statement. He offered no explanation for his finding.
We agree with the trial court’s statement that the amount of alimony or pension under article 160 of the Civil Code is not an amount to support the wife in the manner in which she has been accustomed to living, but rather what will provide her with sufficient means for her maintenance.
An examination of the record indicates that Mrs. Wagner owned stock worth $20,029.25 at the date of trial. However, the stock was purchased after the death of her first husband with monies from his estate. It is clear, therefore, that only half or approximately $10,000 in stock is actually owned by her, the remainder being held in usufruct by her for her children. While we would probably consider the $20,029.25 in stock to be sufficient means within the meaning of Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950), and its progeny, we do not think that $10,000 is sufficient. Moreover, we cannot compel Mrs. Wagner to liquidate stock that does not belong entirely to her.
Mrs. Wagner also testified that she owned a camp in Folsom, Louisiana, which to her knowledge had not been appraised but for which she had at one time been offered $7,000.00. This property, however, is also partly owned by the children and again we cannot force her to sell the children’s property in order to obtain sufficient means to support herself.
There was testimony that Mrs. Wagner’s half of the community would be a substantial amount, perhaps as much as $50,000. However, to this date there has been no property settlement and her present means cannot be measured by what she may come to own some time in the future. When and if there is a property settlement, Mr. Wagner would then, of *98 course, be free to bring a rule to terminate any alimony that he might have been paying to Mrs. Wagner. For the present circumstances, we cannot include Mrs. Wagner’s future interest in the community property of the marriage.
Whether a wife has sufficient means to support herself is, obviously, a question of fact and each case must stand upon its own facts. We have determined that Mrs. Wagner does not have sufficient means at the present time with which to maintain herself. If she sold her stock, she would have approximately $10,000.00, which at this point in our inflationary economy would not maintain her for any length of time. If she does not sell the stock, she will earn approximately $1,200.-00 per year on the whole $20,029.25, hardly enough to be considered maintenance.
Having concluded that Mrs. Wagner does not have sufficient means for her support, we must necessarily remand the case to the lower court for a determination of the issue of fault for, under article 160 of the Civil Code, the wife must establish that she has not been at fault and she has not sufficient means for her support.
The trial court found it unnecessary to pass on the issue of fault inasmuch as the wife has a double burden of proof and the trial court reasoned that failing in one aspect of her proof, it was unnecessary and would even be in the nature of advice to pass on the other. This is a perfectly logical approach to take and there is no statute requiring that the issue of fault should be considered first in matters of this sort.
It is manifest that under LSA-R.S. 9:301 fault is not an issue to be determined in considering whether or not a divorce should be granted, but appears only if the wife should ask for alimony. Roy v. Florane, 239 La. 749, 119 So.2d 849 (1960); Gautreaux v. Gautreaux, La.App., 220 So. 2d 249 (1st Cir. 1969).
We have noticed in researching this case that while there is no requisite to pass on fault first, in the vast majority of cases, fault was indeed considered first by the court. The reason for this seems apparent when considering the nature of the two issues involved. Once fault has been determined the issue ceases to exist. It is permanently decided that the wife either was or was not at fault. However, the issue of whether the wife has sufficient means is a variant factor which may change from time to time and a finding by the trial court one way or the other does not become a final adjudication of the issue.
For these reasons, it seems that in a divorce proceeding brought on the ground of living separate and apart for two years and in which the wife asks for alimony, the question of fault is put at issue and there should be a once and for all time determination of that issue. We said in Zarrilli v. Zarrilli, La.App., 129 So.2d 568 (4th Cir. 1961) that where the wife sues for divorce under R.S. 9:301 and asks for a determination of fault, but does not ask for alimony, it is error for the trial judge to consider the issue of fault. We point to this case to illustrate the fact that, where alimony is not requested, there is no need to determine fault. Judge Yarrut dissented in Zarrilli, being of the opinion that the Declaratory Judgment Act was available to the wife to determine the issue of fault in order to preserve her right to alimony in the future.
We think that even if there is a finding that the wife has sufficient means to support herself, a finding of fault should, nevertheless, be made in order to determine the wife’s future rights. After all, the wife may be found to be at fault and the entire matter would be settled forever.
For the assigned reasons, the judgment of the trial court insofar as it found the wife not to be without sufficient means to support herself, is reversed and set aside and the matter is remanded to the trial court for a determination of fault and for the fixing of alimony in an amount to be determined by the trial court.
Reversed and remanded.