SCHOTT, Judge.
In this separation suit, instituted by the wife, she alleged her husband abandoned her. He reconvened on the ground of cruel treatment. He also sought revocation of a donation of $16,100 he had made to his wife before their marriage. From a judgment dismissing the wife’s main demand and awarding a judgment to the husband on the reconventional demand she has appealed. She contends the trial judge erred manifestly in his factual determination on the merits of the separation and erred as a matter of law in restoring the donation to her husband.
Both parties had been married previously and had children when they were married on September 9,1983. On August 25,1983 the wife completed a community property settlement with her former husband in which she became owner of their former home on Benjamin Street in consideration of her assumption of the mortgage and payment to him of $16,100. This amount was given to her by her husband to be.
The marriage between the parties was short-lived with the parties separating for good on December 24, 1983. According to the wife, her husband left and stayed away from home on several occasions with no explanation for his conduct; he was callously indifferent to her even to the extent of refusing to assist her when she was sick and in need of hospitalization; and he refused to join her and her family on occasions such as Thanksgiving. On the other hand he accused her of maintaining on going contact with her previous husband, locking him out of the family home, and subjecting him to mistreatment by her seventeen year old son who resided with them. To some extent her testimony was corroborated by that of some of her relatives, but the trial judge resolved the conflicts in testimony in favor of the husband providing extensive reasons for his judgment.
The trial judge stated he was impressed with the veracity and conduct of the husband in hiring the wife’s son to work in his service station, providing her with a car, helping with household expenses, and purchasing a new television set for her on the day before they separated, evidencing a desire to salvage the marriage. The court found that she replaced the locks on the house in October and did not give her husband a key, he tried to provide the wife with health income but could not, and he paid $1,000 toward her hospital expenses. Finally the trial court found the “final flare-up or argument” to have been caused by the wife when she insisted that her husband attend a gathering of her family at her son’s house on Christmas Eve, 1983 even though her former husband would attend. The present husband refused to attend the affair under these circumstances whereupon she told him her former husband would be at their Benjamin Street home for Christmas dinner and if he, the present husband, didn’t like it he could leave. In making these determinations the trial judge implicitly rejected the wife’s claim that her husband abandoned her and he specifically found she was at fault and he was without fault.
The findings of fact are supported by the record. For us to reverse the judgment would require us to substitute our judgment for that of the trial judge on a pure credibility call. This is unwarranted.
On the issue of the trial court’s revocation of the pre-marital donation the trial court found that the parties intended that they would use the Benjamin Street home for their matrimonial domicile and that this was the reason for his giving and her accepting the $16,100. We accept this factual determination and hold that LSA-C.C. Art. 156 properly applies to such facts. *1197 Since the wife was found to be at fault and the separation was granted to the husband she loses this donation of $16,100. Roy v. Florane, 239 La. 749, 119 So.2d 849 (1960); Fertel v. Fertel, 148 So.2d 853 (La.App. 4th Cir.1962); writs refused 244 La. 133, 150 So.2d 589; Wall v. Wall, 440 So.2d 533 (La.App. 4th Cir.1983), writs refused 444 So.2d 1223.
Finally, the wife contends that the trial court’s action on the $16,100 donation was not warranted by the husband’s pleadings because he prayed only for recognition of his right to revoke the donation or for a reservation of his rights in this connection. While his pleadings are somewhat indefinite, the record shows that the parties both testified extensively concerning the issue and it was ripe for final determination in these proceedings. Under these circumstances we apply the principle that C.C. Art. 156 is self-operative and it is not necessary for the husband to file still another suit to enforce his rights under the article. Vaughn v. Coco, 409 So.2d 282 (La.App. 1st Cir.1981).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.