551 So.2d 32 (1989)
Lawrence D. GLASS
v.
Ann P. WILTZ.
No. 88-CA-0784.
Court of Appeals of Louisiana, Fourth Circuit.
September 28, 1989.
Writ Denied December 1, 1989.
Robert A. Kutcher, Bronfin, Heller, Steinberg & Berins, New Orleans, for plaintiff.
Gibson Tucker, Jr., New Orleans, for defendant.
Before BYRNES, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant, Ann P. Wiltz appeals the trial court's judgment dismissing her reconventional demand for damages against plaintiff for breach of his promise to marry her.
Plaintiff, Lawrence D. Glass, brought suit against defendant, Ann P. Wiltz, seeking the return of a fourteen carat yellow gold diamond ring. The appraised value of the ring is $29,000. The ring was given in contemplation of a future marriage between Mr. Glass and Ms. Wiltz which never took place. After their engagement was terminated, Mr. Glass requested the return of the ring from Ms. Wiltz but to no avail.
After trial on the merits, the trial court ordered Ms. Wiltz to return the ring to Mr. Glass and dismissed Ms. Wiltz's reconventional demand for damages for the loss of the ring in the amount of $29,000.00 and for pain and suffering in the amount of $25,000.00. The court wrote in its reasons for judgment that while the record reflected that plaintiff broke the engagement defendant failed to prove any damages as a result of the plaintiff's breach of this promise to marry her. Ms. Wiltz now seeks to have the judgment of the trial court reversed as to its denial of the damages she claimed in her reconventional demand.
A careful study of the law in this area reveals that Louisiana does recognize a cause of action for damages when a party breaches a promise to marry. Ms. Wiltz is not entitled to keep her engagement ring as the law clearly states that a gift in "consideration" of a future marriage is void if the marriage did not take place. La.C.C. art. 1897, 1740. One may bring a suit for damages for breach of promise to marry but cannot arbitrarily keep engagement presents as damages. Decuers v. Bourdet, 10 La.App. 361, 120 So. 880 (Orleans, 1929). The underlying theory which pervades this subject is that the consummation *33 of the marriage is the end sought, and therefore, the ultimate purpose of all such gifts. Necessarily, the failure of the essential condition on which the gift is made, makes the gift nullable. Decuers, id at 362, 120 So. 880; see also: Ricketts v. Duble, 177 So. 838 (La.App. Orleans, 1938).
Historically such causes of action resulted in damage awards but such cases are rare and recently courts seem reluctant to award damages.
The court in Johnson v. Levy, 122 La. 139, 47 So. 442 (1908), reduced a jury award from $20,000.00 to $10,000.00 in favor of a woman who had been rejected by her suitor after he had seduced her and left her pregnant with his child. The court wrote that they considered the damage award manifestly excessive. The court considered all factors in determining the damage award including the fact that plaintiffs suitor was killed by her father.
In the case at bar the estate of the deceased is at $45,000.00. The award below was on the basis of $20,000.00 against the estate. If the marriage had been consumated and the husband then died, the plaintiff could have recovered one-fourth of his estate. The law considers her seduction and pregnancy as an aggravation of damages. 5 Cyc. 1014.
The other party has paid for his trangression with his life, and the question is now between the plaintiff and his heirs as to what is a just compensation for the injury which she has just sustained. Exemplary damages cannot be allowed against the defendants. Edwards v. Ricks, 30 La.Ann. 926.
In the absence of any standard by which the injury may be measured in dollars and cents, the question is left to the sound discretion of the jury, or the court, as the case may be. Our appellate jurisdiction over the facts compels us to exercise that discretion, rather than remand the case for trial before another jury. Considering all the facts and circumstances, we deem a total award of $10,000.00 damages sufficient for the purposes of justice in this particular case.... 47 So. at 424.
The most recent case in Louisiana jurisprudence is Daigle v. Fournet, 141 So.2d 406 (La.App. 4th Cir.1962). Like the instant case defendant in Daigle filed a reconventional demand for damages for breach of promise to marry in response to plaintiffs suit for the return of the engagement ring. The court decided that defendant was not entitled to damages where defendant arbitrarily broke the engagement at a time when plaintiff was making apparently serious endeavors to effect reconciliation.
The trend therefore seems to be that courts resist awarding damages in such causes of action unless the injured party can clearly demonstrate that he or she is free from fault and that he or she has suffered damage.
As a result of Mr. Glass' breach of promise, Ms. Wiltz claims that she suffered embarrassment, humiliation, mental anguish and some physical problems. Her testimony at trial was that the emotional trauma of discovering Mr. Glass with another woman caused her to experience a "cerebral assault". It manifested itself in severe head pain, numbness in the face and widening of the eye. Ms. Wiltz offered no medical expert testimony as to her condition. She did produce two half-filled bottles of prescription medicine which she claimed her internist prescribed for her as antidepressant medication. However, she admitted that she did not consistently use the medication because she did not feel that it worked.
Her sole continuing complaint is that she now has a distrust of men that she never had previously. She did not assert that due to this distrust she no longer dated men. To the contrary, she admitted having social relationships with men since her relationship with Mr. Glass terminated. She also maintained that her break-up with Mr. Glass had caused her to be the subject of conversation in their social circle. However, she did not imply that her reputation and social standing had been injured in any way.
Other physical complaints Ms. Wiltz made included weight loss, insomnia, and *34 diarrhea. No evidence was produced to demonstrate the link between Ms. Wiltz's physical problems and her emotional state resulting from Mr. Glass' breach of his promise to marry her. Ms. Wiltz admits that months before she and Mr. Glass stopped seeing each other he informed her that he had changed his mind about marrying her. She admitted that she continued to wear his engagement ring believing that their engagement was only a charade. At the time she suffered the so-called cerebral assault she no longer believed he intended to marry her. Therefore this ailment and any physical ailments that followed were not linked to his breach of promise to marry but simply to her emotional disappointment following the disintegration of their romance. There is no recovery under the law for such a cause of action.
We find no clear error in the trial court's judgment. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978), Canter v. Koehring Co., 283 So.2d 716 (La.1973).
For the foregoing reasons, the trial court's judgment is affirmed.
AFFIRMED.