555 So.2d 647 (1989)
William B. WELCH, Jr.
v.
S.J. GROVES & SONS COMPANY and National Union Fire Insurance Company.
No. 89-CA-1588.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1989.
Writ Denied March 30, 1990.
Dennis Paul Juge, Jeffrey C. Napolitano, Sutherland & Juge, New Orleans, for appellants.
*648 Daniel L. Dysart, Dysart, Sanborn & Tabary, Chalmette, for appellees.
Before SCHOTT, C.J., and LOBRANO and BECKER, JJ.
LOBRANO, Judge.
Defendants, S.J. Groves & Sons Company (Groves) appeal from a judgment in favor of plaintiff William B. Welch, Jr. (Welch). The case involves a job accident in which Welch, a Louisiana resident, sustained a back injury in New Jersey while employed by Groves, a New Jersey contracting corporation with no business operations in Louisiana. The accident took place in May of 1986. In April of that year, Welch was contacted by his local union, who had been notified by the New Jersey union, that there was a job available in New Jersey for heavy equipment operators. Welch went to New Jersey, and reported to the New Jersey union hall to fill out the required forms. He went to work for Groves and was subsequently injured. Although Welch filed a claim for worker's compensation in New Jersey and collected under their law, he also filed a claim under the extraterritorial coverage clause of the Louisiana Worker's Compensation Act. La.R.S. 23:1035.1.
Welch filed suit in the 34th Judicial District Court for the Parish of St. Bernard. Groves filed an exception to the court's subject matter jurisdiction. On the morning of trial, the court dismissed Groves' exception and proceeded to trial. The court awarded Welch benefits under Louisiana's Worker's Compensation Act.
Unless this case meets the threshold test of subject matter jurisdiction, the merits cannot be considered. We must first determine whether the extraterritorial coverage clause of the Louisiana Worker's Compensation Act applies to Welch.
La.R.S. 23:1035.1 provides in pertinent part:
"(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury
(a) his employment is principally localized in this state, or
(b) he is working under a contract of hire made in this state." (emphasis added)
Because (a) clearly does not apply (i.e. Welch's employment was located entirely in New Jersey), at issue here is whether Welch was working under a contract of hire made in Louisiana.
In Molinario v. Hartford Ins. Co., 462 So.2d 253 (La.App. 4th Cir.1984), this court decided a case almost factually identical to the instant case. There, a contracting company with no contacts whatsoever with the state of Louisiana was conducting business in Massachusetts, and required the services of a number of boilermakers. It notified the local union in Boston, who in turn contacted the Louisiana union to recruit some employees. Plaintiff, a member of the Louisiana local union and a Louisiana resident, responded to his union's invitation and traveled to Massachusetts where he reported to work for the defendant. The court stated that nothing in the depositions even suggested that a contract of hire had been made in Louisiana, and therefore, there was no subject matter jurisdiction over the case.
In the instant case, plaintiff was contacted by Raymond Claude, the business manager of local 406 of the International Union of Operating Engineers and advised that there was a need for two mechanics and four operators on a job in New Jersey. Plaintiff testified:
"At the time he [Claude] told me when I would get up there the name of the employer, and that I had to stop in Little Falls, New Jersey to a local up there, which you've got to pick up the paper that introduces you so they know who you are when you get on the job site." *649 Claude received the job opening information from the brother union in New Jersey, local 825. However, he testified that no specific employer was mentioned and that plaintiff's job could have been with anybody. Once plaintiff arrived in New Jersey and went to local 825's union hall in Little Falls he was advised where and to whom to report. He filled out the necessary job application forms on the job site.
Plaintiff argues that local 406 was acting as the hiring agent for S.J. Groves, and thus the contract of hire was in Louisiana. We disagree. The evidence does not support this contention. The collective bargaining agreement between the Associated General Contractors of New Jersey and the International Union of Operating Engineers does not create any agency relationship. The agreement specifically provides that when the employer desires to hire workmen, the union shall refer such workmen from the open employment list. Paragraph 3 of Article 1 of that agreement states in part: "The Employer shall retain the absolute and unconditional right to reject any workmen referred by the union. However, in no case shall a referred workmen be rejected without just cause...." Further, Michael J. Gibbin, the office manager of S.J. Groves testified that when they needed certain people for a job they would put in a request through the various locals. The persons sent to fill the job vacancies would not be officially on the records of S.J. Groves until they signed up the morning the job started. We are satisfied there is no agency relationship between local 406 and S.J. Groves, nor does the evidence substantiate plaintiff's claim that the union had the authority to hire.
Plaintiff further argues that Mattel v. Pittman Construction Company, 248 La. 540, 180 So.2d 696 (1965) is controlling. That case is distinguishable from the instant case. In Mattel, the local union had authority over the Mississippi area where Pittman, the employer, was working. More important, however, is the fact that the local union was doing the hiring for Pittman. Plaintiff in that case immediately accepted employment with Pittman at the local union hall here in Louisiana. He did not have to report to a union hall in Mississippi where he would receive his job assignment.
Our holding in Molinario, supra, is more appropriate to the facts of this case. We hold that Welch's contract of hire did not occur in Louisiana, and therefore La.R.S. 23:1035.1 is not applicable. The judgment of the trial court is reversed and plaintiff's suit is dismissed at this costs.
REVERSED.