632 So.2d 883 (1994)
Floyd G. KENNINGTON, et al., Plaintiffs-Appellants,
v.
H. BLUME JOHNSON, INC., Defendant-Appellee.
No. 25580-CA.
Court of Appeal of Louisiana, Second Circuit.
February 23, 1994.
*884 Eugene A. Ledet, Jr., Neblett, Beard & Arsenault, Shreveport, for appellants.
J. Daniel Picou, Leininger, Larzelere & Picou, Metairie, for appellee.
Before SEXTON, HIGHTOWER and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiffs, Floyd and Bari Kennington, appeal a summary judgment in favor of the defendant, H. Blume Johnson, Inc., rejecting their personal injury claim. Plaintiffs contend the trial court erred in applying the substantive law of Louisiana to their claim rather than the law of Texas, and in concluding that the defendant was immune from tort liability under LSA-R.S. 23:1032, 1061. We affirm.

FACTS
Plaintiff, Floyd G. Kennington, was employed by Bo-Gray Casing Company (Bo-Gray). Defendant, H. Blume Johnson, Inc., a Louisiana corporation, orally contracted with Bo-Gray to provide casing services to its drilling rig in Carthage, Texas. Bo-Gray provided a work crew which consisted of several workers, including Floyd Kennington, who reside in and are domiciled in Louisiana.
On March 11, 1991, while Kennington was working at the Texas well site, he suffered severe and disabling injuries as a result of an explosion. Plaintiffs allege employees of H. Blume Johnson, Inc. negligently closed an overflow valve leading to the mudline Kennington was operating causing the casing hose to explode. Defendant denies such fault.
Floyd G. Kennington and Bari W. Kennington, individually and on behalf of their minor son, Travis Kennington, all of whom reside in the state of Louisiana, filed this personal injury suit in the First Judicial District Court for the Parish of Caddo, State of Louisiana, against defendant, H. Blume Johnson, Inc. The defendant filed responsive pleadings denying liability. It subsequently filed a motion for summary judgment asserting that it was the statutory employer of Kennington and thus immune from tort liability to the plaintiffs.
Plaintiffs unsuccessfully attempted to dismiss the matter without prejudice and to file suit in Texas State Court. Plaintiffs argued *885 that Texas law, to the exclusion of Louisiana law, should apply to this matter, thus rendering the statutory employer doctrine inapplicable.
The trial court granted the motion for summary judgment finding no affidavits or depositions had been filed on behalf of the plaintiff showing that a genuine issue of material fact existed. It opined that since it was apparent plaintiff was injured on a rig owned by H. Blume Johnson, Inc. while performing casing work for that corporation, plaintiff was a statutory employee of H. Blume Johnson, Inc. at the time of the accident and therefore his claim was covered exclusively by the Louisiana Worker's Compensation Act. Plaintiffs appeal.

DISCUSSION
The facts pertinent to a resolution of the issue before us are not in dispute. Therefore, the sole issue is whether the law of Louisiana, where the parties reside and are domiciled, or the law of Texas, where the accident occurred, should be applied in evaluating whether summary judgment was appropriate on the issue of liability.
Louisiana Worker's Compensation law provides that a principal is liable to the employees of an employer who contracts with the principal to execute any work which the principal had contracted to perform. LSA-R.S. 23:1061. The principal in this situation is granted immunity from tort liability to such statutory employees.[1] LSA-R.S. 23:1032; Mundy v. Dept. of Health & Human Resources, 593 So.2d 346 (La.1992); Jurls v. Lama Drilling Co., Inc., 457 So.2d 135 (La. App. 2d Cir.1984); Richard v. Weill Const. Co., Inc., 446 So.2d 943 (La.App. 3d Cir. 1984). Therefore, if Louisiana law applies to the facts of the present case, the defendant is immune from liability in tort and the plaintiffs' exclusive remedy is in worker's compensation.
Under Texas Workers' Compensation law, the entity with the right to control the employee at the time of the accident is the "employer" for worker's compensation purposes and all other parties are third parties who are not entitled to immunity from suits for negligence. Archem Co. v. Austin Industries, Inc., 804 S.W.2d 268 (Tex.App. Houston [1st Dist.] 1991). Therefore, if Texas law applies to the facts of the present case, the *886 defendant, H. Blume Johnson, Inc., would not be granted immunity from this tort suit because Bo-Gray would be considered the sole employer for purposes of the Texas Workers' Compensation law.
As a universal principle of law, a court, subject to constitutional restrictions, will follow the statutory directive of its own state on choice of law issues. Restatement (Second) of Conflicts of Law § 6 (1971); Levy v. Jackson, 612 So.2d 894 (La.App. 4th Cir.1993). Louisiana's conflict of laws provisions concerning delictual and quasi-delictual obligations have been codified in Title VII of Book IV of the Louisiana Civil Code. LSA-C.C. Art. 3542 et seq.
Plaintiff argues the issues presented in the instant case pertain to standards of conduct and safety under LSA-C.C. Art. 3543. We find Article 3544, rather than Article 3543, applicable to the present suit. Article 3543 provides in pertinent part:
Issues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred, if the injury occurred in that state or in another state whose law did not provide for a higher standard of conduct.
In all other cases, those issues are governed by the law of the state in which the injury occurred, provided that the person whose conduct caused the injury should have foreseen its occurrence in that state.
Article 3544 provides in pertinent part:
Issues pertaining to loss distribution and financial protection are governed, as between a person injured by an offense or quasi-offense and the person who caused the injury, by the law designated in the following order:
(1) If, at the time of the injury, the injured person and the person who caused the injury were domiciled in the same state, by the law of that state. Persons domiciled in states whose law on the particular issue is substantially identical shall be treated as if domiciled in the same state.
Under Article 3543, issues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct occurred (Texas in this case). Article 3544 provides that issues of loss distribution and financial protection and loss are governed, as between a person injured by an offense and the person who caused the injury, by the law of the domicile of the parties when the parties are domiciled in the same state (Louisiana in this case).[2]
Examples of rules of loss distribution or financial protection, i.e., statutes imposing a ceiling on the amount of compensatory damages or providing immunity from suit are statutes providing for infra-family immunity and guest passenger statutes. See Symeon C. Symeonides, Problems and Dilemma in Codifying Choice of Law For Torts: The Louisiana Experience in Comparative Perspective, 38 Am.J.Comp.L. 431, 441-56 (1990).
We conclude that the law applicable to the facts of this case are rules of loss distribution or financial protection. Thus, the law of the state in which both parties are domiciled is controlling.
After a somewhat strenuous argument in brief that Article 3543 is applicable to the facts of this case, the plaintiffs suggest in their reply brief that Article 3544 is not controlling because the accident occurred prior to the effective date of the Articles 3542 et seq.
Even if we were to disregard Article 3544 in our analysis of this issue, we would still conclude that the law of Louisiana is *887 applicable to the facts of this case. The Louisiana cases decided prior to the effective date of Article 3544 reached the same result as we reach in the present case.
In Jagers v. Royal Indemnity Company, 276 So.2d 309 (La.1973), the Louisiana Supreme Court applied the "interest analysis" approach to find that the suit between two Louisiana domiciliaries was governed by Louisiana law and that Mississippi had no interests in the lawsuit.
In Jagers, supra, a mother sued her major son and their liability insurer for personal injuries sustained in an automobile accident which occurred in Mississippi. Mississippi law prohibited suits by a mother against her child. The Louisiana Supreme Court held that since the parties were Louisiana domiciliaries, Louisiana law should be applied because Louisiana had an interest in applying its law and Mississippi had none.
In the instant case, the lawsuit involves Louisiana domiciliaries suing another Louisiana domiciliary. Kennington's employment was principally in Louisiana, and his work in the state of Texas was temporary in nature. The only nexus between Texas and the parties to this suit is that the accident occurred there.[3] Considering the strong interest Louisiana has in applying its worker's compensation law to regulate the rights and liabilities of the employer and the injured employee, we conclude Louisiana law should be applied to the facts of this case. Consequently, since under Louisiana law the defendant is immune from tort liability, summary judgment was properly granted.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1032 provides in pertinent part:

A. (1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal, or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to executed any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
LSA-R.S. 23:1061 provides in pertinent part:
A. When any person, in this Section referred to as the "principal", undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
[2] The comments to these articles are conclusive. Comment (a) to Article 3543 states:

By way of illustration, so called "rules of the road" establish or pertain to "standards of conduct and safety," whereas rules that impose a ceiling on the amount of compensatory damages or provide immunity from suit are "rules of loss-distribution and financial protection."
Comment (e) to Article 3544 states:
The first sentence of subparagraph (1) of this Article deals with situations in which, at the time of the injury, both the tortfeasor and the victim were domiciled in the same state. This provision calls for the application of the law of the common domicile regardless of whether that law provides for a higher or a lower standard of financial protection for the victim than does the law of the state where the conduct and/or the injury occurred.
[3] As support for their argument that Texas law should be applied to the facts of this case, plaintiffs argue the primary contract between Arkla Exploration Company (the operator of the drilling operations) and H. Blume Johnson, Inc. (the contractor) expressly provides that its terms and provisions shall be interpreted in accordance with Texas law. Plaintiffs' assertion is ill-founded. The only contracts pertinent to a resolution of the issues before this court are the oral employment contract between Bo-Gray (the sub-contractor) and H. Blume Johnson, Inc. (the contractor/statutory employer) and the employment contract between Kennington (the injured employee) and Bo-Gray (the employer/sub-contractor).