638 So.2d 1066 (1994)
Floyd G. KENNINGTON, et al.
v.
H. BLUME JOHNSON, INC.
No. 94-C-0744.
Supreme Court of Louisiana.
July 1, 1994.
PER CURIAM.
The question here is whether the trial court and the court of appeal properly concluded that the defendant, H. Blume Johnson, Inc., is the statutory employer of the plaintiff, Floyd G. Kennington, and therefore immune from tort liability. Finding that defendant's motion for summary judgment on this issue was not properly granted, we reverse the judgment of the court of appeal, 632 So.2d 883, on the showing made and remand the case to the district court for further proceedings.
According to the pleadings, plaintiff suffered serious injuries on March 11, 1991, while working at a Texas well site. He was employed by Bo-Gray Casing Company, which had orally contracted with the defendant, H. Blume Johnson, Inc., a Louisiana corporation, to provide casing services to a drilling rig in Carthage, Texas, operated by Arkla Exploration Company. Although the memoranda indicate that members of the work crew provided by Bo-Gray were domiciled in both Texas and Louisiana, Kennington was apparently domiciled in Louisiana. Memoranda also assert that Bo-Gray was domiciled in Louisiana, but maintained offices in both Texas and Louisiana.
After plaintiff filed suit for damages in the First Judicial District Court for the Parish of Caddo, defendant, H. Blume Johnson, Inc., filed a motion for summary judgment in *1067 which the corporation raised the statutory employer defense pursuant to La.Rev.Stat. Ann. §§ 23:1032 and 23:1061 (West Supp. 1994). The motion was supported by an affidavit of the vice president of the corporation, which simply asserted that the company had entered into a written contract with Arkla to drill a well, that the company had verbally contracted with Bo-Gray Casing Company, Kennington's employer, and that Bo-Gray was in the process of fulfilling its contractual obligations when the accident occurred.
La.Rev.Stat.Ann. § 23:1035.1(1) (West 1985) provides that:
(1) [i]f an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury (a) his employment is principally localized in this state, or (b) he is working under a contract of hire made in this state.
According to this statute, worker's compensation coverage for an injured employee working outside the territorial limits of the state is only available if, at the time of the injury, his employment is principally "localized" in Louisiana or he is working under a contract of hire made here. If worker's compensation benefits are not available to the employee, there is, in connection with the employee's tort claim, no statutory employer defense available to the principal.
Therefore, the threshold burden of proof for a tort defendant seeking to assert a statutory employer defense is to establish that the employee is covered by Louisiana's worker's compensation law. In defendant's motion for summary judgment, accompanied by an affidavit and a contract between Arkla and H. Blume Johnson, Inc., there is no evidence as to whether Kennington's employment was principally localized in Louisiana or whether he was working under a contract of hire made in this state. Unless the motion has been made and supported by affidavits, together with sworn or certified copies of all papers or documents referred to, or depositions or answers to interrogatories, La.Code Civ.Proc. art. 967 (West 1984) does not shift the burden to the adverse party to set forth specific facts showing that there is a genuine issue for trial. Therefore, plaintiffs need not have presented any evidence to oppose defendant's motion for summary judgment in order to defeat the motion.
Accordingly, we grant the plaintiffs' application, reverse the judgment of the court of appeal, and remand the case to the trial court for further proceedings.
REVERSED AND REMANDED.
DENNIS, J., not on panel.
HALL and KIMBALL, JJ., would grant and docket.