**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-40488
(Summary Calendar)
_____

SCOTTY DUHON, ET AL.,

Plaintiffs-Appellants,

versus

UNION PACIFIC RESOURCES COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(93-CV-108)
_____

Before DUHÉ, WIENER and STEWART, Circuit Judges.

This is a third party action brought by an oil rig employee and his wife against the developer and operator of the rig, Union Pacific Resources Company ("UPRC"). Plaintiff, Scotty Duhon, is a Louisiana resident who was hired in Louisiana by Grey Wolf Drilling, a Texas corporation which does business in Louisiana and Texas. Grey Wolf was under contract with UPRC to drill a well in Texas. Duhon was injured in the course and scope of his employment while working on this well. Thus, he was entitled to worker's compensation benefits under either Louisiana or Texas law. Plaintiff received benefits under Louisiana's worker's compensation scheme through Grey Wolf's carrier.

Scotty Duhon and his wife, Dawna Duhon, filed a third party tort suit against UPRC. UPRC filed a third party complaint against Grey Wolf and The Gray Insurance Company for defense and indemnity.

Grey Wolf and The Gray Insurance Company intervened, asserting their subrogation rights for worker's compensation benefits paid to Duhon.

UPRC filed a motion for summary judgment, claiming tort immunity based on the statutory employer doctrine in Louisiana's worker's compensation law.[1] The district court granted the motion, and plaintiffs have appealed. Because we conclude that Louisiana law applies to the dispute, the district court properly granted summary judgment in favor of UPRC.

## Standard of Review

We review a district court's choice-of-laws determination de novo. Arochem Corp. v. Wilomi, Inc., 962 F.2d 496 (5th Cir. 1992); Federal Deposit Insurance Corp. v. Massingill, 24 F.3d 768 (5th Cir. 1994).

Federal courts sitting in diversity must apply the choice-of-laws provisions of the state in which they sit. Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496 (1941). Thus, we must apply Louisiana's choice-of-laws principles to determine which state's substantive law will apply.

## Discussion

Louisiana has a new set of choice-of-laws provisions, codified as Book IV to the Louisiana Civil Code. These articles apply to all actions filed after January 1, 1992. This suit was filed

---

[1]*See* La. R. S. 23:1032

2

January 19, 1993.  Thus, Book IV will apply to resolve the choice-of-law issues in this case.

Plaintiffs submit that Louisiana Civil Code art. 3544 governs this case.  Article 3544 provides a mechanical rule for choice-of-law determinations in issues related to loss distribution and financial protection.  Statutes that provide immunity from suit, such as La. R.S. 23:1032, are appropriately classified as rules of loss distribution or financial protection.  Kennington v. H. Blume Johnson, Inc., 632 So.2d 883, 886 (La. App. 2d Cir. 1994).  Thus, art. 3544 is an appropriate starting point in our choice-of-laws analysis of this tort immunity/worker's compensation issue.  That article provides, in relevant part:

> Issues pertaining to loss distribution and financial protection are governed, as between a person injured by an offense or quasi-offense and the person who caused the injury, by the law designated in the following order:
>
> . . . .
>
> (2)  If, at the time of the injury, the injured person and the person who caused the injury were domiciled in different states:  (a) when both the injury and the conduct that caused it occurred in one of those states, by the law of that state; . . .

In this case, Duhon, the injured person, is a domiciliary of Louisiana.  For purposes of a choice-of-laws analysis under Book IV, the "person"[2] who allegedly caused the injury, Union Pacific, may be treated as a domiciliary of either Delaware, its place of incorporation, or Texas, the state of its principal place of business, whichever is most pertinent to the particular issue. La.

_____

[2]Under Louisiana law, a corporation is a juridical person. La. Civ. C. art. 24.

3

Civ. C. art. 3518.  In this case, Union Pacific clearly should be treated as a domiciliary of Texas.  Accordingly, under the mechanical rule of art. 3544, we would apply Texas law because Texas is the domicile of one of the parties, and the injury and the wrongful conduct occurred there. Plaintiffs contend that the inquiry should end at article 3544, and that Texas law should apply to the case.  Accordingly, UPRC would not be entitled to the "statutory employer" tort immunity afforded to it under Louisiana law.

UPRC contends, and the district court agreed, that the choice-of-law analysis does not begin and end with the rote application of art. 3544 only.  Article 3547 provides an "escape hatch" to be used when the mechanical rule of 3544 yields an incorrect result, i.e., one that is incompatible with the principles of Article 3542, *infra*, from which these rules have been derived.  *See* Comment to La. Civ. C. art. 3547.

Louisiana Civil Code article 3547 provides:

> The law applicable under Articles 3543-3546 shall not apply if, from the totality of the circumstances of an exceptional case, it is clearly evident under the principles of Article 3542, that the policies of another state would be more seriously impaired if its law were not applied to the particular issue.  In such event, the law of the other state shall apply.

Louisiana Civil Code article 3542, in turn, states:

> Except as otherwise provided in this Title, an issue of delictual[3] or quasi-delictual obligations is governed by the law of the state whose policies would be most

---

[3]Louisiana is a civil law jurisdiction:  the civilian term "delictual obligation" means a tort obligation.

4

seriously impaired if its law were not applied to that issue.

> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

Thus, the issue is whether this is an "exceptional case" which warrants the application of art. 3547 over art. 3544. Appellants assert that this is not an exceptional case, and that the district court erred in applying article 3547. Appellants urge the application of Texas law. Appellants point out that they should not be bound to the application of Louisiana law because they never "elected" to receive worker's compensation benefits under Louisiana's worker's compensation scheme: Grey Wolf's arrangement with its compensation carrier just happened to provide for payment under Louisiana's scheme.

This case presents exactly the same scenario as a case recently decided by this Court. Accordingly, we are persuaded to follow it. Carriere v. Chandeleur Energy Corp., 94-40119, (5th Cir. Dec. 9, 1994) (unpublished opinion, attached for the parties' reference), held that art. 3547 applied instead of art. 3544 in a third party action where the plaintiff received worker's compensation benefits under Louisiana's compensation scheme and thereafter sued his statutory employer, a Texas domiciliary, in Louisiana. Accordingly, this Court in Carriere determined that

5

such a factual scenario constituted an exceptional case and applied Louisiana law to the dispute, thereby affording tort immunity to the statutory employer. We consider these facts indistinguishable from Carriere; therefore, we do not do an interest analysis comparing the interests of Texas and Louisiana in this case. Carriere held that facts such as these constitute an exceptional case under art. 3547, dictating the application of Louisiana law. The same result is in order here.

Under art. 3547, Louisiana law would seem to apply in this case because the plaintiffs are Louisiana citizens, Duhon was hired in Louisiana by Grey Wolf, suit was filed in Louisiana, and Duhon received worker's compensation benefits in accordance with Louisiana's worker's compensation scheme. Under Louisiana law, UPRC qualifies as Duhon's statutory employer and could have been forced to pay worker's compensation benefits to him had Grey Wolf failed to do so. Because Louisiana law imposes this burden on statutory employers such as UPRC to provide compensation benefits to statutory employees hired in Louisiana, no matter where they are injured, it is reasonable that they should be entitled to the corollary benefit of tort immunity.

Appellants' final argument is that UPRC is not Duhon's statutory employer. We reject this argument as well. Under La. R.S. 23:1061, when a "principal" engages a contractor to perform work that is a part of the principal's trade, business, or occupation, the principal is liable to pay compensation benefits to any injured employee of the contractor. A worker is performing

6

work that is within the trade, business, or occupation of the principal whenever the work done by the employee is essential to the principal's business. Maddox v. Baker Oil Tools, Inc., 77 F.Supp. 419 (E.D. La. 1991). Plaintiff was a floorhand whose activities were essential and integral to the drilling of the well, which is an essential part of UPRC's business of exploring and producing oil and gas. Thus, the district court properly concluded that under La. R.S. 23:1061, based on undisputed facts, UPRC was Duhon's "statutory employer." Provisions in the drilling contract between Grey Wolf and UPRC which state that the employees of Grey Wolf were not to be considered employees of UPRC are inapposite. The parties could not by their contract contravene the statutory duty imposed upon UPRC to provide worker's compensation benefits to its "statutory employees."

## Conclusion

The district court properly concluded that UPRC was Duhon's statutory employer under Louisiana law. Thus, UPRC is entitled to tort immunity. The district court's grant of UPRC's motion for summary judgment is AFFIRMED.