hMURRAY, Judge.
Edward Johnson appeals a judgment maintaining the exception of lack of subject matter jurisdiction filed by B & B Electric Contractors[1] (B & B) and dismissing his claim with prejudice. We affirm.
FACTS AND PROCEEDINGS BELOW
Mr. Johnson, a lifelong resident and domiciliary of Louisiana, became an electrician and a member of the New Orleans’ Local 130, International Brotherhood of Electrical Workers, in 1976. Over the years, his career was centered in the New Orleans area but he did occasional work elsewhere. In early August 1993, he was informed by Local 130 that work was available at a Toyota |2plant through IBEW Local 183 in Lexington, Kentucky. According to Mr. Johnson’s affidavit:
[an] offer of employment was made to him while he was still here in New Orleans and he accepted said offer, received a Letter of Introduction from his local union, presented himself to the local union in Lexington and then was employed first at Henderson Electric and then B & B Electric Contractors at the Toyota plant....
According to B & B’s evidence, Mr. Johnson was hired on August 30, 1993 through the Lexington, Kentucky union local, whose records showed the worker had been laid off from Henderson Electric four days earlier. Although Mr. Johnson gave a New Orleans’ address for B & B’s personnel records, he resided in Kentucky while working for them and all of his paychecks were hand-delivered to him there.
Mr. Johnson was injured on September 14, 1993 while in the course and scope of his employment with B & B in Georgetown, Kentucky. After receiving emergency treatment in Kentucky, he returned to his home in New Orleans for further care by local physicians. Compensation benefits were paid pursuant to Kentucky law, but these payments were terminated by B & B’s insurer at an unknown date based upon a report that Mr. Johnson had been released to return to work.
This claim for compensation was filed with the Louisiana Office of Workers’ Compensation Administration on March 13, 1995. B & B responded with an exception of lack of subject matter jurisdiction, based upon its assertions that it was a Kentucky corporation with its principal place of business in that state, that Mr. Johnson had applied for and been accepted as a permanent employee at its Kentucky offices, that all work for the company was performed in that state, where his injury occurred, and that he lived and was paid in Kentucky throughout his |3employment with B & B. The exception was supported by B & B’s president’s affidavit as well as a copy of Mr. Johnson’s personnel file. Mr. Johnson submitted a memorandum in opposition and his own affidavit.
By judgment rendered November 20,1995, the hearing officer maintained the defendant’s exception, finding that “claimant’s employment was not principally localized in Louisiana and his contract for hire was not made in Louisiana,” so that he was not covered under this state’s workers’ compensation law. Mr. Johnson’s claim was dismissed with prejudice, and this appeal followed.
DISCUSSION
Revised Statute § 23:1035.1 provides coverage under the Louisiana Workers’ Compensation Act for some injuries which occur outside this state:
(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he ... would have been entitled to benefits provided by this Chapter had such injury occurred within this state, such employee ... shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury[:]
(a) his employment is principally localized in this state, or
(b) he is working under a contract of hire made in this state.
*730 (2) The payment or award of benefits under the worker’s compensation law of another state ... to an employee ... otherwise entitled on account of such injury ... to the benefits of this Chapter shall not be a bar to a claim for benefits under this act....
Under this statute, compensation benefits under our laws are payable for a worker’s extraterritorial injury only “if, at the time of the injury, his employment is principally ‘localized’ in Louisiana or he is working under a contract of hire made here.” Kennington v. H. Blume Johnson, Inc., 94-0744, p. 2 (La.7/1/94), 638 So.2d 1066, 1067. As Mr. Johnson correctly notes, coverage will exist under our law if either of the two requirements are met. Id.
|4In this appeal, we must first address Mr. Johnson’s argument that because his affidavit and that submitted by B & B conflicted regarding where the contract of hire was formed, the hearing officer could not rule “without a full evidentiary hearing or trial” on the exception. Mr. Johnson offers no authority for this proposition, contending instead that the exception must be considered “like a summary judgment,” requiring reversal by this court. However, the record before us does not establish any procedural error requiring reversal.
Mr. Johnson was not denied the opportunity to present any evidence or testimony in opposition to B & B’s exception. Compare, e.g., Johnson v. Shelton Trucking Service, 599 So.2d 1089 (La.1992), reversing 597 So.2d 499 (La.App. 1st Cir.).[2] To the contrary, the matter was set for hearing on defendant’s motion, then continued when Mr. Johnson requested additional time to respond to B & B’s memorandum and evidence. He subsequently submitted his own affidavit, and in the accompanying opposition memorandum, pointed out that because the evidence was contradictory, “a hearing or trial must be held to resolve said factual dispute.” There is no indication, however, that Mr. Johnson made any attempt to re-set the matter for hearing, such as by motion or order; to the contrary, the wording of the judgment suggests that it was submitted on briefs by consent.[3] Because Mr. Johnson was aware of all evidence submitted by the defendant and 15was not denied the opportunity to present testimony or other evidence in rebuttal, he is not entitled to a remand now.
Additionally, submission of a jurisdictional exception on briefs, affidavits and depositions is permissible in our courts, de Reyes v. Marine Management & Consulting Ltd., 586 So.2d 103, 109 (La.1991). In reviewing the issue, however, we note that where no evidentiary hearing was held, “the burden on the non-moving party is relatively slight and allegations of the complaint and all reasonable inferences from the record are to be drawn in favor of the non-moving party.” Id.
Applying this standard in our review of the evidence presented below, we find, contrary to Mr. Johnson’s contention, that the affidavits do not establish the existence of a material factual dispute regarding where the contract of hire was formed. His affidavit states his contract of hire was perfected in New Orleans at Local 130, and he left this state with only procedural details to complete before beginning work at the Toyota plant in Kentucky. Both Mr. Johnson’s affidavit and B & B’s personnel file demonstrate that upon arrival in Kentucky, Mr. Johnson went to work for Henderson Electric, not B & B. Therefore, accepting his affidavit as true, *731 there is no conflict in the evidence: Mr. Johnson accepted employment with Henderson Electric before leaving Louisiana, then was hired by B & B after he was laid off by his first Kentucky employer.
Although not explicitly stated, Mr. Johnson’s affidavit could be read to indicate that the New Orleans’ union informed him of openings at both Henderson Electric and B & B. However, this court has previously held that such facts are insufficient to establish that the contract for hire was made in Louisiana. In Welch v. S.J. Groves & Sons Co., 555 So.2d 647 (La.App. 4th Cir.1989), writ denied, 6 558 So.2d 603 (La.1990), the plaintiff, like Mr. Johnson, was advised by his local union that work was available in another state. This information had been forwarded by a brother union in New Jersey, to which the plaintiff reported with a Letter of Introduction from his local. Once at the New Jersey union hall, Mr. Welch was given instructions on where to report for work; all the necessary paperwork was completed at the New Jersey employer’s job site.
After suffering an injury while working in New Jersey, the plaintiff in Welch sought to establish coverage under Louisiana’s compensation- laws, arguing that his contract of hire was made in this state because the local union had acted as the hiring agent for the New Jersey employer. This court rejected that argument, finding that the evidence did not support the existence of an agency relationship. Relying upon Molinario v. Hartford Ins. Co., 462 So.2d 253 (La.App. 4th Cir.1984), another factually similar case, the panel found that no other basis for coverage under § 23:1035.1 was established.
As in Welch and Molinario, the facts presented here do not support Mr. Johnson’s contention that his contract of hire was made in Louisiana. There is no evidence that B & B had any contact with either Mr. Johnson or Local 130 in New Orleans, but rather that B & B contacted the Kentucky Local, which in turn merely notified Local 130 that positions were available at a plant in Kentucky. Mr. Johnson then voluntarily travelled to that state in response to this information, and accepted employment with Henderson Electric. Mr. Johnson was hired by B & B only after he had been laid off by his first Kentucky employer. Accordingly, the hearing officer correctly determined that the requirement of § 23:1035.1(l)(b) for coverage under Louisiana’s compensation statute was not met because at the time |7of his injury, Mr. Johnson was working under a contract of hire made in Kentucky.
Similarly, we must reject the contention that coverage for this injury exists because Mr. Johnson’s employment was “principally localized in this state,” as specified in § 23:1035.1(l)(a). Mr. Johnson does not claim that he performed any work for B & B in Louisiana or even that he returned to this state at anytime while he was employed by B & B. He does not allege that B & B has any offices in this state, that it has performed any work in this state or that it contacted him in any way while he was still in Louisiana. Instead, Mr. Johnson contends that the statutory requirement for coverage is met because, as a lifelong Louisiana domiciliary, his career as an electrician has been almost exclusively based in this state. He further notes that he had intended this absence from Louisiana to be temporary; he had rarely worked outside of Louisiana before and never in Kentucky until 1993; and he had been in that state for only three weeks before he was injured. Therefore, Mr. Johnson asserts that “his employment is principally localized in this state,” as required for coverage under Louisiana law.[4]
We cannot accept Mr. Johnson’s literal interpretation of § 23:1035.1(l)(a), which ignores the statute’s context and the controlling requirement that the determination of coverage must be based upon conditions existing at the time of the injury. Reduced to essentials, Mr. Johnson’s argument is that *732 the Legislature intended coverage of any work-related injury suffered by a Louisiana citizen, notwithstanding the lack of any relationship between the employer and this state Ror between the employment situs and this state. However, the Legislature could have easily stated that the employee’s domicile and work history prior to his injury would determine coverage under our law if that had been intended. It chose not to do so.[5]
Furthermore, we find no jurisprudence under this statute which would support Mr. Johnson’s argument that his work history, rather than the particular employment relationship at the time of injury, was intended to be a factor in determining coverage under § 23:1035.1(l)(a). For example, the Third Circuit was called upon to interpret this requirement shortly after the 1975 enactment of § 23:1035.1 in Stapleton v. Travelers Ins. Co., 359 So.2d 1051 (La.App. 3d Cir.), writ denied, 360 So.2d 1176 (La.1978). To determine whether the plaintiff’s employment was “principally localized” in Louisiana, the court examined the employee’s work history only with the employer from whom compensation was sought. Mr. Stapleton, a Louisiana domiciliary who was hired in Texas, worked for several months in Louisiana for the company from whom he sought compensation. However, the nature of his job required that he move between job sites in different states, and he was injured while on the job in Mississippi. Under these circumstances, the Third Circuit held that the critical factor in determining if the employment was principally localized in Louisiana was the location of the employee’s base of operation for the employer from whom compensation was sought. Because Mr. Stapleton received his paychecks and job assignments from his employer’s Louisiana office, filed his reports with that office and used company vehicles licensed in this state, his employment was found to 19meet the § 23:1035.1(l)(a) requirement of being “principally localized” in Louisiana. Notably, a dissent was filed in Staple-ton, asserting that because the time plaintiff had worked in Louisiana was relatively short in comparison to time spent in other states while working for that employer, the extraterritorial coverage statute was being interpreted too broadly.
Unlike the claimant in Stapleton, the only connection Mr. Johnson has established between Louisiana and his employment at the time of his injury is his domicile and prior work history. It is undisputed that Mr. Johnson was hired by a Kentucky corporation to perform work in Kentucky. His paychecks were issued and delivered to him at the B & B offices in Kentucky, and his job assignments for B & B both originated and were performed in Kentucky. Furthermore, we have determined that B & B hired Mr. Johnson after his arrival in Kentucky, based upon the referral from the Union Local in that state. Accordingly, the defendant has shown that at the time of this injury, Mr. Johnson’s employment was not principally localized in this state within the intendment of § 23:1035.1(l)(a).
We thus conclude that Mr. Johnson’s contract of hire was not made in this state, nor was his employment “principally localized” in Louisiana at the time of his injury, as required by our extraterritorial coverage statute. The judgment below is therefore affirmed at appellant’s cost.
AFFIRMED.

. Although the pleadings in this case identify the defendant-employer as B & B Electric Contractors, the affidavit and evidence submitted in support of the exception reflects the operating name of B & B Electric Co., Inc.

. In Shelton Trucking, the trial court overruled the defendant's exception of lack of subject matter jurisdiction but allowed defendant to proffer evidence on that issue at trial on the merits. The appellate court then dismissed the plaintiff's claim for lack of subject matter jurisdiction, based on all of the record evidence including the proffer. The Supreme Court reversed, noting that, because the trial court had already ruled in the plaintiff's favor, he "did not have reason or opportunity to offer evidence in support of the applicability of the Louisiana law'' at trial. The matter, therefore, was remanded to the district court for a full evidentiary hearing.

. We make this assumption based upon the judgment's opening phrase, “Having considered the memoranda of counsel for both parties.” However, neither party’s appellate brief includes a procedural history, nor is there anything akin to a minute entry in the OWC record which would provide the date and outcome of any hearing(s) which may have been held.

. The only authority Mr. Johnson offered in support of this argument, Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3d Cir.), writs refused, 247 La. 613, 614, 615, 172 So.2d 700, appeal dismissed, 382 U.S. 16, 86 S.Ct. 67, 15 L.Ed.2d 12 (1965), is of no aid in interpreting the statutory language because it predates the enactment of § 23:1035.1. Furthermore, aside from the fact that Babineaux involved workers’ compensation for an employee injured elsewhere, we find little similarity with the facts or issues presented here.

. We note that if § 23:1035.l(l)(a) did not refer to the employment relationship during which the injury occurred, the plaintiffs in Molinario and Welch, both of whom had been working out of a Louisiana union hall before they took out-of-state jobs, would have been covered under the Act regardless of where their contracts had been formed.