STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-707

MIDORI T. BHATI

VERSUS

DEO K. BHATI

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 224,729
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Michael Hathorn Davis
Attorney at Law
P. O. Box 12180
Alexandria, LA 71315-2180
(318) 445-3621
COUNSEL FOR PLAINTIFF-APPELLANT:
    Midori T. Bhati

David Cleveland Hesser
Attorney at Law
2820 Jackson St.
Alexandria, LA 71301
(318) 542-4102
COUNSEL FOR DEFENDANT-APPELLEE:
    Deo K. Bhati

**PICKETT, Judge.**

Midori T. Bhati appeals a judgment of the trial court granting summary judgment in favor of Deo K. Bhati and dismissing her petition for damages arising out of Mr. Bhati's alleged bigamy.

## STATEMENT OF THE CASE

Mr. Bhati, a native of India, and Ms. Bhati, a native of Japan, were married in Japan in 1973. They subsequently moved to Louisiana, and both became citizens of the United States. In 2002, they divorced. As a part of the divorce, they litigated the division of community property and Ms. Bhati was awarded final periodic support. *See Bhati v. Bhati*, 09-1030 (La.App. 3 Cir. 3/10/10), 32 So.3d 1107. In October 2005, Ms. Bhati alleges she learned that Mr. Bhati married a woman in India before their marriage. After investigating the claim, Ms. Bhati filed a lawsuit in June 2006 seeking damages for Mr. Bhati's bigamy. Mr. Bhati filed a motion for summary judgment, arguing that Louisiana does not recognize a cause of action for bigamy. He also argued that the claim was prescribed and barred by res judicata. The trial court heard arguments and, after taking the matter under advisement, granted the motion for summary judgment and dismissed Ms. Bhati's petition.

Ms. Bhati now appeals.

## ASSIGNMENT OF ERROR

Ms. Bhati alleges the trial court erred in finding that Louisiana does not recognize a cause of action for damages resulting from bigamy apart from the remedy afforded by La.Civ.Code art. 96.

**DISCUSSION**

We review summary judgments de novo, using the same standard as the trial court. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. In this case, the trial court found that even assuming the facts alleged by Ms. Bhati to be true, she was unable to state a cause of action for damages for bigamy. Thus, the issue before us is not whether there are genuine issues of material facts, but whether the trial court made the correct ruling on a matter of law.

The trial court found that La.Civ.Code art. 96 provides the exclusive remedy for damages as a result of a putative marriage:

> An absolutely null marriage nevertheless produces civil effects in favor of a party who contracted it in good faith for as long as that party remains in good faith.
>
> When the cause of the nullity is one party's prior undissolved marriage, the civil effects continue in favor of the other party, regardless of whether the latter remains in good faith, until the marriage is pronounced null or the latter party contracts a valid marriage.
>
> A marriage contracted by a party in good faith produces civil effects in favor of a child of the parties.
>
> A purported marriage between parties of the same sex does not produce any civil effects.

The trial court found that Ms. Bhati, as the good faith party to an absolutely null marriage, received the civil effects of a valid marriage at the time of her divorce. Thus, she has already been compensated for a marriage that was never legally perfected. We agree with the trial court and affirm the judgment entered below.

Ms. Bhati cites cases where damages were sought for the breach of a promise to marry. *See Glass v. Wiltz*, 551 So.2d 32 (La.App. 4 Cir.), *writ denied*, 552 So.2d 400 (La.1989), *and Sanders v. Gore*, 95-660 (La.App. 3 Cir. 7/10/96),

2

676 So.2d 866, *writ denied*, 96-2072 (La. 11/15/96), 682 So.2d 762. Those cases cite authority from the nineteenth century where such a claim was recognized by Louisiana courts, but in both instances the claim for damages was denied. In *Glass*, the court found that Ms. Wiltz was unable to show any actual damages arising from the failure of Mr. Glass to marry her. In *Sanders*, this court found that as both Mrs. Sanders and Mr. Gore were married at the time he promised to marry her, a promise to marry was unenforceable as against public policy.

In this case, Ms. Bhati had no reason to believe that her marriage to Mr. Bhati was a nullity until four years after she filed a petition for divorce seeking to end the marriage. She received the civil effects of that marriage. *See Bhati*, 32 So.2d 1107. She has failed to allege any facts upon which further relief can be granted under our law.

**CONCLUSION**

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Midori T. Bhati.

**AFFIRMED.**